Leonard Earl **BALES**, Petitioner,

v.

The **PEOPLE** of the State of Colorado, Respondent.

No. 83SC370.

Supreme Court of Colorado,
En Banc.

Jan. 31, 1986.

Rehearing Denied March 3, 1986.

David F. Vela, State Public Defender, Jody Sorenson Theis, Deputy State Public Defender, Karen A. Chaney, Deputy State Public Defender, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Dolores S. Atencio, Asst. Atty. Gen., Appellate Section Denver, for respondent.

NEIGHBORS, Justice.

We granted certiorari to review the unpublished decision of the court of appeals in *People v. Bales*, No. 82CA0657, slip op. (Colo.App. Sept. 1, 1983), in which it affirmed the conviction of the defendant, Leonard Earl Bales, for felony menacing.[1] The court of appeals upheld the trial court's denial of the defendant's *in limine* motion to prohibit the district attorney's use of a prior conviction for impeachment purposes. The court of appeals held that Bales' prior conviction could not be collaterally attacked in this case. We disagree with that holding and conclude that the trial court impermissibly burdened the defendant's constitutional right to testify in his own defense by declining to hold an evidentiary hearing to determine the constitutional admissibility of the prior conviction. Therefore, we reverse the judgment of the court of appeals and remand the case to that court with directions to return the case to the trial court for further proceedings.

### I.

On the day Bales' trial on the felony menacing charge began, his counsel filed a motion *in limine* in which he requested that the court prohibit the use of a prior felony conviction on the ground it was unconstitutionally obtained as the result of ineffective assistance of counsel. This prior conviction for first-degree sexual assault had earlier been affirmed by the court of appeals in an unpublished decision. *People v. Bales*, No. 79CA0368, slip op. (Colo.App. April 2, 1981). In that appeal, the court of appeals found no plain error and declined to consider the issue of the ineffectiveness of Bales' trial counsel because Bales had not raised the issue in his motion for a new trial. Rather, the court stated that Bales could raise the issue of inadequate and ineffective representation at a hearing under Crim.P. 35(c)(2)(I) subsequent to the appeal. We denied certiorari review of the earlier conviction on July 20, 1981. Bales did not file a motion for post-conviction relief under Crim.P. 35(c)(2)(I) to pursue his ineffective assistance of counsel claim. The trial in the present case began on October 22, 1981.

### II.

■ The court of appeals' holding that the prior conviction was final and could not be collaterally attacked in the instant proceeding is in error. A defendant may collaterally attack a prior conviction by either filing a Crim.P. 35(c) motion in the sentencing court or by filing a proper motion to prohibit the prosecution from using evidence of a prior conviction in a pending criminal prosecution.[2] *E.g., People v. Germany*, 674 P.2d 345 (Colo.1983); *People v. Dugger*, 673 P.2d 351 (Colo.1983); *People*

---

1. § 18–3–206, 8 C.R.S. (1978).

2. In their answer brief, the People argue that Bales neither filed the motion *in limine* in a timely manner nor made a sufficient showing to require an evidentiary hearing. Neither the trial court nor the court of appeals based their decisions on either of the People's arguments. Both courts held that the conviction was final and, therefore, not subject to collateral attack. Moreover, it appears that counsel and the trial court discussed some matters concerning the defendant's motion which were off the record. Accordingly, we decline to address the People's contentions. We believe, however, that our cases enunciating the pleading requirements for motions filed pursuant to Crim.P. 35 provide appropriate standards to be used by the bench and bar in drafting and considering motions *in limine* which challenge the admissibility of a prior conviction.

**1282**

v. *Muniz,* 667 P.2d 1377 (Colo.1983); *People v. Meyers,* 617 P.2d 808 (Colo.1980); *People v. Hampton,* 187 Colo. 131, 528 P.2d 1311 (1974).

### III.

We recently decided *Apodaca v. People,* 712 P.2d 467 (Colo.1985), in which we held that the trial court must hold an evidentiary hearing under circumstances similar to those present here. In *Apodaca,* prior to jury selection, the defendant filed a motion requesting the trial court to rule on whether the prosecution could properly use two prior convictions for impeachment purposes in the event the defendant elected to testify at trial in his own defense. The trial court indicated that it would not permit the prosecution to offer one of the prior convictions but refused to rule on the admissibility of the other conviction before the defendant testified in his own defense. The defendant claimed that a ruling on the admissibility of such evidence in advance of his trial testimony was essential to permit him to make a knowing, intelligent, and voluntary decision on whether he should testify. The court of appeals affirmed Apodaca's subsequent conviction and held that while it was error for the trial court to refuse to rule on the defendant's motion challenging the admissibility of prior conviction evidence for the purpose of impeachment, the error was harmless. *People v. Apodaca,* 668 P.2d 941 (Colo.App.1982). We reversed and remanded. We stated that the court of appeals' conclusion of harmless error proceeded from the unsupported assumption that the prior conviction satisfied constitutional standards of admissibility applicable to prior conviction evidence. Because neither the trial court nor the court of appeals ruled on this aspect of the case, it was necessary to remand the case to the court of appeals with directions to return the case to the district court for a determination of whether the defendant's prior conviction was constitutionally valid and thus admissible as impeachment evidence. Similarly, here, neither the trial court nor the court of appeals has decided whether Bales was denied the effective assistance of counsel in the proceedings which resulted in his prior conviction.

Thus, it is necessary that the district court hold an evidentiary hearing on the defendant's ineffective assistance of counsel claim. If the court finds that the prior conviction was unconstitutionally obtained, a new trial in this case will be required because the trial court made a finding that the defendant would have testified if use of the prior conviction had been precluded. On the other hand, if the trial court concludes that the prior conviction was obtained in accordance with constitutional standards, a new trial is not required. *Apodaca v. People,* 712 P.2d 467 (Colo.1985).

The judgment of the court of appeals is reversed and the case is remanded to that court with directions to return the case to the district court for further proceedings in accordance with the views expressed in this opinion.