**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**Fred LANFORD, Defendant–Appellant.**

**No. 92CA1362.**

Colorado Court of Appeals,
Div. IV.

June 3, 1993.

Rehearing Denied July 8, 1993.

Certiorari Denied Jan. 24, 1994.

Robert S. Grant, Dist. Atty., Michael J. Milne, Sp. Asst. Atty. Gen., Brighton, for plaintiff-appellee.

David F. Vela, State Public Defender, Lindy Frolich, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Fred Lanford, appeals the trial court's order denying his Crim.P. 35(c) motion as untimely pursuant to § 16–5–402, C.R.S. (1986 Repl.Vol. 8A). We vacate the order and remand with directions.

In 1982, defendant entered a guilty plea to aggravated robbery of drugs. During the advisement, the defendant was informed that his sentence could be as long as 24 years if aggravating circumstances were found. However, defendant was not advised that, pursuant to § 17–22.5–303(1), C.R.S. (1986 Repl.Vol. 8A), he was also subject to a mandatory parole term of one year. After finding aggravating circumstances, the trial court sentenced the defendant to 24 years at the Department of Corrections plus a one-year period of parole.

In 1992, defendant filed a Crim.P. 35(c) motion requesting that his sentence be reduced by one year because the trial court failed to advise him that he was subject to one year of parole. The trial court, on its own motion and without notice to defendant that it was considering the issue, denied defendant's motion because it was filed beyond the three-year time limit for collateral attacks set by § 16–5–402, C.R.S. (1986 Repl. Vol. 8A).

## I.

Relying on *People v. Shackelford,* 851 P.2d 218 (Colo.App.1992), defendant argues that the trial court erred in applying § 16–5–402 because the prosecutor had failed to raise the issue. While we conclude that the trial court did not err in raising the issue, we also conclude that defendant should have been granted an opportunity to present any relevant evidence and argument as to the applicability of the statute.

In *People v. Shackelford, supra,* a division of this court held that the filing of a collateral attack upon a conviction within the time limits of § 16–5–402 is not a *jurisdictional* prerequisite for the review of the merits of such an attack. There, the opinion noted that, if the issue were raised for the first time on appeal, a defendant would be precluded from presenting any evidence that the collateral attack was authorized under one of the statutory exceptions to the time bar. Thus, it was concluded that the People were required to raise the issue in the trial court or the time bar would be waived. *See Moland v. People,* 757 P.2d 137 (Colo.1988).

Under Crim.P. 35(c)(3), however, the trial court may deny a post-conviction motion if the record, files, and pleadings indicate that it is without merit. *White v. District Court,* 766 P.2d 632 (Colo.1988). Thus, it may be appropriate for a trial court to dismiss claims for which relief cannot be granted, even without any response from the People.

However, in the supreme court's recent decision in *People v. Wiedemer,* 852 P.2d 424 (Colo.1993), that court held that § 16–5–402 applies to Crim.P. 35(c) motions and that a defendant must be given an opportunity to present evidence of justifiable excuse or excusable neglect before his motion can be denied as untimely.

Accordingly, if a court raises the time limitation of § 16–5–402 *sua sponte,* it must offer the defendant the opportunity to show why the motion should not be denied by application of that time limitation.

## II.

Defendant also contends that the trial court erred in denying his motion because he was attacking the sentence imposed and not the conviction. We disagree.

Section 16–5–402 provides in pertinent part:

> [N]o person who has been convicted under a criminal statute … shall collaterally attack the validity of the *conviction* unless such attack is commenced within the applicable time period…. (emphasis added)

Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. *Charnes v. Boom,* 766 P.2d 665 (Colo.1988). To discern legislative intent, a court should look first to the statutory language. *People v. Warner,* 801 P.2d 1187 (Colo.1990). Statutory words and phrases should be given effect according to their plain and ordinary meaning. And, the statute must be read and considered as a whole. *People v. District Court,* 713 P.2d 918 (Colo.1986).

Giving effect to the plain and ordinary meaning of the words and phrases contained in the statute, we discern that, for the purpose of § 16–5–402, the General Assembly intended the word "conviction" to include the recital of the plea, the verdict or findings, the sentence, the finding of the amount of presentence confinement, and the costs. *See* Crim.P. 32(c). To conclude otherwise would thwart the intention of the General Assembly in enacting § 16–5–402, *i.e.,* to avoid litigation over stale claims and to avoid frustration of the statutory provisions directed at repeat, prior, and habitual offenders. *People v. Robinson,* 833 P.2d 832 (Colo.App.1992).

Hence, we conclude that the time limitations provided in § 16–5–402 apply with equal force to the sentence imposed.

The order denying the motion is vacated, and the cause is remanded to the trial court with directions to conduct proceedings consistent with *People v. Wiedemer, supra.*

PLANK and RULAND, JJ., concur.