The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Joseph PADILLA, Defendant–Appellant.

No. 92CA1227.

Colorado Court of Appeals, Div. C.

Dec. 2, 1993.

Rehearing Denied Feb. 10, 1994.

Certiorari Granted Aug. 15, 1994.

Cross–Petition for Certiorari Denied Aug. 15, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jonathan A. Abbott, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge SMITH *.

Defendant, Joseph Padilla, appeals the sentence imposed following his plea of guilty to a charge of first degree assault. We remand for further proceedings.

Defendant entered a plea of guilty to first degree assault. Prior to sentencing, defendant moved to suppress two prior convictions: a 1973 Jefferson County conviction for second degree murder (Case No. 5281) and a 1970 Adams County conviction for robbery (Case No. C–3643).

At the commencement of his sentencing hearing, defense counsel called this motion to the attention of the court. The sentencing court noted that defendant's motion contained no allegations of justifiable excuse or excusable neglect which would authorize defendant to attack these convictions after the expiration of the time bar imposed by § 16–5–402, C.R.S. (1986 Repl.Vol. 8A). It further refused to permit defendant to offer evidence on the issue of excusable neglect or justifiable excuse, struck the motion, and proceeded with sentencing. Defendant was sentenced to incarceration for a term of eighteen years.

## I.

Defendant contends that the trial court erred in relying upon § 16–5–402 as a basis for refusing to rule on his motion to suppress

certain of his prior convictions which he alleged had been obtained in violation of his constitutional rights.

His first argument in this regard is that § 16–5–402 is unconstitutional. However, that assertion is without merit since our supreme court has held that § 16–5–402 is constitutional. *People v. Wiedemer,* 852 P.2d 424 (Colo.1993).

## II.

Defendant next argues that § 16–5–402 distinguishes between classes of felonies, but prior to July 1, 1972, Colorado did not classify felonies, and therefore, it does not apply to his 1970 conviction. We are unpersuaded.

The primary goal of statutory construction is to effect the intent of the General Assembly. Sections 2–4–203 and 2–4–212, C.R.S. (1980 Repl.Vol. 1B). In so doing, we look first to the language of the statute itself. *People v. Schuett,* 833 P.2d 44 (Colo.1992). When the language of a statutory provision is so clear that the intent can be discerned with reasonable certainty, there is no need to resort to other rules of statutory interpretation, and interpretations which would defeat the obvious purpose of the statute must be avoided. *People v. Wiedemer, supra.*

Section 16–5–402 states:

(1) Except as otherwise provided in subsection (2) of this section, no person who has been convicted under a criminal statute of this or any other state of the United States shall collaterally attack the validity of that conviction unless such attack is commenced within the applicable time period, as provided in this subsection (1), following the date of such conviction:

| | |
|---|---|
| All class 1 felonies: | No limit |
| All other felonies: | Three years |
| Misdemeanors: | Eighteen months |
| Petty offenses | Six months |

(2) In recognition of the difficulties attending the litigation of stale claims and the potential for frustrating various statutory provisions directed at repeat offenders, former offenders, and habitual offenders,

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

the only exceptions to the time limitations specified in subsection (1) of this section shall be:

(a) A case in which the court entering judgment of conviction did not have jurisdiction over the subject matter of the alleged offense;

(b) A case in which the court entering judgment of conviction did not have jurisdiction over the person of the defendant;

(c) Where the court hearing the collateral attacks by a preponderance of the evidence finds that the failure to seek relief within the applicable time period was caused by an adjudication of incompetence or by commitment of the defendant to an institution for treatment as a mentally ill person, or

(d) Where the court hearing the collateral attack finds that the failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect.

(3) If the judgment of conviction to which any collateral attack is directed was sustained upon review by a court of appellate jurisdiction in the state where the judgment was entered, no collateral attack on such judgment shall be permitted whether commenced within or outside the time limitations set forth in subsection(1) of this section, unless said collateral attack is based upon an opinion of the court of last resort subsequently announced in the state where the judgment was entered, which opinion is given retroactive effect in a manner invalidating the conviction.

■ The General Assembly thus stated that its purpose was to create time limitations to give finality to judgments of conviction in order that statutory provisions directed at habitual offenders not be frustrated by late efforts to set aside the prior convictions and to avoid the difficulties attending the litigations of stale claims. This latter purpose is directed at all forms of attack upon criminal convictions which have matured to procedural finality. *People v. Wiedemer, supra.*

Defendant's suggested interpretation of the statute, that is, exclude from its limitations convictions which occurred prior to 1972, would defeat the goal of avoiding the difficulties of litigating stale claims.

Moreover, it is clear that the General Assembly intended *all* convictions, save those for class 1 felonies, to fall within the purview of the statute, as the statute is not limited to convictions obtained in Colorado. Not all states categorize offenses by "classes," *see, e.g.,* Wyo.Stat. § 6–1–101, et seq. (1977), nor do all states which classify offenses distinguish those classes with numerals. *See* Ala. Code § 13A–5–3 (1975); Ark.Stat.Ann. § 5–1–106 (1987).

■ In order to effect the intent of the General Assembly to exclude only class 1 felonies, we hold that § 16–5–402 is applicable to all offenses which, if committed in Colorado on July 1, 1972, the effective date of § 16–5–402, would not have constituted a class 1 felony. On that date, only four offenses constituted class 1 felonies in Colorado: first degree murder, § 18–3–102, C.R.S. (1986 Repl.Vol. 8B); first degree kidnapping with bodily injury to the victim, § 18–3–301, C.R.S. (1986 Repl.Vol. 8B); assault committed during escape while confined following a conviction of a class 1 felony, § 18–8–206, C.R.S. (1986 Repl.Vol. 8B); and treason, § 18–11–101, C.R.S. (1986 Repl.Vol. 8B). Thus, under our holding here, convictions for these offenses, if committed prior to July 1, 1972, in Colorado, or at any time in another state, are not subject to the time bar; any other offenses fall within the purview of the statute.

Since defendant's 1970 conviction was for robbery, it is subject to the time limitations of § 16–5–402. Defendant's 1973 conviction, by its nature and date, clearly falls within the limitations of the statute.

III.

Defendant next contends that the sentencing court erred in raising the issue of the time bar imposed in § 16–5–402, *sua sponte,* and in refusing defendant the opportunity to present evidence that his untimely attack was the result of justifiable excuse or excusable neglect.

We find no error in the sentencing court raising the issue of the time bar *sua sponte*. *See People v. Lanford* 867 P.2d 50, (Colo.App.1993). Indeed, motions attacking convictions must affirmatively plead the existence of excusable neglect or justifiable excuse when the statutory period has passed. *People v. Wiedemer, supra.*

However, the sentencing court here did not have the benefit of our supreme court's opinion in *People v. Wiedemer, supra,* which held that the requirement that a defendant must affirmatively plead the existence of excusable neglect or justifiable excuse was not retroactive. Accordingly, defendant must be given an opportunity to present evidence of excusable neglect or justifiable excuse, and the court must consider that evidence in light of the factors listed in *Wiedemer. See People v. Lanford, supra.*

The People argue that defendant was not precluded from presenting a statement regarding the alleged invalidity of these prior convictions. The transcript of the sentencing hearing, however, belies this claim. The trial court refused to hear evidence on this issue.

The cause is remanded to the trial court with directions that the trial court consider such evidence as defendant may wish to present in an attempt to show that his untimely attack on these prior convictions was the result of justifiable excuse or excusable neglect. Should the court conclude that defendant's untimely attack was not the result of justifiable excuse or excusable neglect, then subject to an appeal of that decision, defendant's sentence is affirmed. Should the court determine that defendant's untimely filing was, in fact, the result of justifiable excuse or excusable neglect, then the court must determine the validity of defendant's allegations that the prior convictions were obtained in violation of his constitutional rights. In the event either or both of the prior convictions at issue are determined to have been so obtained, defendant must be resentenced based on that determination.

NEY, J., and HODGES **, Justice, concur.