The PEOPLE of the State of
Colorado, Petitioner,

v.

Joseph PADILLA, Respondent.

No. 94SC144.

Supreme Court of Colorado,
En Banc.

Dec. 11, 1995.

As Modified on Denial of Rehearing
Jan. 8, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, John Daniel Dailey, Deputy Attorney General, Robert Mark Russel, First Assistant Attorney General, Matthew S. Holman, Assistant Attorney General, Criminal Enforcement Section, Denver, for Petitioner.

David F. Vela, State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, for Respondent.

Justice LOHR delivered the Opinion of the Court.

The defendant, Joseph Padilla, pled guilty in Denver District Court to one count of assault in the first degree.[1] At his sentencing hearing, the defendant filed a motion to suppress the use of three prior felony convictions in the sentencing determination on the ground that these convictions were unconstitutionally obtained. The sentencing court denied the motion as barred by the statute of limitations, section 16–5–402, 8A C.R.S. (1986), noting the defendant's failure to plead justifiable excuse or excusable neglect, statutorily recognized exceptions to the time limitation. *See* § 16–5–402(2)(d). The court then sentenced the defendant to eighteen years imprisonment. In *People v. Padilla*, 878 P.2d 4 (Colo.App.1993), the Colorado Court of Appeals held that the pleading requirements applied by the sentencing court were appropriate under this court's decision in *People v. Wiedemer*, 852 P.2d 424 (Colo. 1993). However, the court of appeals noted that *Wiedemer* was not decided until after the sentencing court's determination in this case and held that the pleading requirements did not apply retroactively. Therefore, the court of appeals remanded the case to the sentencing court with directions that the defendant be allowed to present evidence of justifiable excuse and excusable neglect and, if successful in proving either of those circumstances, be allowed to present evidence that the prior convictions were invalid. We granted certiorari to consider whether a defendant is entitled to an evidentiary hearing on the validity of prior convictions at a discretionary sentencing proceeding.[2] Because we find that a discretionary sentencing proceeding is not the proper forum in which to challenge prior convictions, we now hold that the defendant is not entitled to an evidentiary hearing on the validity of prior convictions during such a proceeding. Therefore, we reverse the court of appeals' judgment and return the case to that court with directions to affirm the judgment and sentence entered by the district court.

## I.

On April 30, 1991, the defendant was arrested in connection with an assault on his wife that left her with extensive injuries. The defendant was charged with one count each of second degree assault[3] and third degree assault.[4] The prosecution subsequently amended the charges to add three habitual criminal counts pursuant to section 16–13–101, 8A C.R.S. (1986). The habitual criminal counts were based on the defendant's three prior felony convictions: (1) a 1970 robbery conviction in Adams County; (2) a 1973 second degree murder conviction in Jefferson County; and (3) a 1973 second degree murder conviction in Denver. Pursuant to a plea agreement, the prosecution added one count of first degree assault,[5] to which the defendant pled guilty, and dropped the remaining charges, including the habitual criminal counts.

The parties stipulated to a sentencing range of four to twenty years imprisonment. In the presentence investigation report, the reporting probation officer listed the defendant's three prior convictions as factors for the sentencing court to consider in assessing punishment. At the sentencing hearing, the defendant moved to suppress the use of these prior felony convictions for sentence enhancement purposes. The defendant alleged that all three convictions were unconstitutionally obtained and thus could not be considered by the sentencing court in selecting a sentence. Specifically, the defendant asserted that his 1970 robbery conviction and his 1973 second degree murder conviction were invalid because, among other reasons, when he offered the guilty pleas upon which those convictions were based he did not understand

---

1. § 18–3–202, 8B C.R.S. (1986 & 1991 Supp.).

2. We use the term "discretionary sentencing proceeding" to denote a proceeding in which the establishment of a prior conviction or convictions is a factor to be considered by the court in exercising discretion in arriving at the sentence but does not mandate an increased sentence.

3. § 18–3–203, 8B C.R.S. (1986 & 1991 Supp.).

4. § 18–3–204, 8B C.R.S. (1986).

5. § 18–3–202, 8B C.R.S. (1986 & 1991 Supp.).

the nature of the charges filed against him or the scope of his constitutional and statutory rights. In addition, he challenged the validity of his 1973 conviction for second degree murder, which was based on a jury verdict, because, among other reasons, he was not advised of his right to testify and was denied effective assistance of counsel.

In ruling on the defendant's motion, the sentencing court noted that the statute of limitations period for collateral attacks on prior convictions, prescribed by section 16–5–402, 8A C.R.S. (1986), had expired with respect to each of his three prior convictions. Because the defendant did not aver in his motion that the delay was based on justifiable excuse or excusable neglect, the court refused to consider the validity of the underlying convictions. The court also refused defense counsel's offer to make an oral record regarding justifiable excuse or excusable neglect. The court proceeded with the sentencing hearing and explicitly relied to some degree on the prior convictions in sentencing the defendant to eighteen years imprisonment.

The defendant appealed his sentence to the court of appeals, asserting, among other arguments, that the time bar on collateral attacks codified at section 16–5–402 is unconstitutional on its face and as applied, and that the trial court erred in raising the time bar issue on its own initiative. The defendant sought an opportunity to present evidence of justifiable excuse and excusable neglect as well as evidence that his prior convictions were unconstitutionally obtained. The court of appeals, in *People v. Padilla*, 878 P.2d 4 (Colo.App.1993), upheld the constitutionality of section 16–5–402 and the sentencing court's decision to raise the time bar issue. The court of appeals further held that motions attacking prior convictions after the expiration of the limitations period for collateral attacks must affirmatively plead the existence of justifiable excuse or excusable neglect. *Id.* at 6–7. The court of appeals based its holding on this court's decision in *People v. Wiedemer*, 852 P.2d 424 (Colo.

1993), which addressed the application of the time bar to motions to vacate prior convictions under Crim.P. 35(c). However, the court of appeals held that the *Wiedemer* pleading requirements did not apply retroactively. Accordingly, because the defendant in this case was sentenced prior to the *Wiedemer* decision, the court held that the defendant's motion was not barred by his failure to comply. *Padilla*, 878 P.2d at 7.

The court of appeals remanded the case to the district court with the following instructions:

> The cause is remanded to the trial court with directions that the trial court consider such evidence as defendant may wish to present in an attempt to show that his untimely attack on these prior convictions was the result of justifiable excuse or excusable neglect. Should the court conclude that defendant's untimely attack was not the result of justifiable excuse or excusable neglect, then subject to an appeal of that decision, defendant's sentence is affirmed. Should the court determine that defendant's untimely filing was, in fact, the result of justifiable excuse or excusable neglect, then the court must determine the validity of defendant's allegations that the prior convictions were obtained in violation of his constitutional rights. In the event either or both of the prior convictions at issue [6] are determined to have been so obtained, defendant must be resentenced based on that determination.

*Id.* Without specifically addressing the issue, the court of appeals, by the terms of its order, assumed that the defendant was entitled to an evidentiary hearing on the validity of prior convictions during the sentencing proceeding.

The prosecution petitioned this court for certiorari review of the court of appeals' decision. We granted certiorari to determine (1) whether the defendant is entitled to an evidentiary hearing under the pleading and evidentiary standards applicable to a collateral attack under Crim.P. 35(c) to challenge the validity of prior convictions during a discre-

---

6. Although the court of appeals refers to only two prior convictions in its remand order, the defendant's motion to suppress and other documenta-

tion in the record establish that the defendant sought to suppress all three of his prior convictions.

tionary sentencing hearing, and (2) whether the pleading requirements for justifiable excuse and excusable neglect set forth in *People v. Wiedemer*, 852 P.2d 424, 440 n. 15 (Colo.1993), apply purely prospectively.

## II.

We have consistently held that due process considerations prevent the use of criminal convictions obtained in violation of an individual's constitutional rights for the purpose of enhancing punishment in a subsequent criminal proceeding. *E.g., People v. Quintana*, 707 P.2d 355, 359 (Colo.1985) (unconstitutional convictions "cannot be used in a later criminal proceeding to establish guilt or enhance punishment"); *People v. Gandy*, 685 P.2d 165, 167 (Colo.1984) (principle is "axiomatic"); *Watkins v. People*, 655 P.2d 834, 837 (Colo.1982) (unconstitutionally obtained conviction cannot support enhanced punishment in a subsequent proceeding). However, we have not specifically addressed the distinct issue presented in this case: is a defendant entitled to an evidentiary hearing to challenge the constitutional validity of prior convictions during a discretionary sentencing proceeding? Because a defendant has opportunities to challenge prior convictions at other stages of the criminal process, and because extensive evidentiary hearings are inconsistent with discretionary sentencing, we now hold that a defendant is not entitled to present information or receive an evidentiary hearing on the validity of prior convictions during a discretionary sentencing proceeding. Accordingly, we need not address the issue of whether the defendant's suppression motion was barred by his failure to comply with the pleading requirements for postconviction review set forth in *Wiedemer*, 852 P.2d at 440 n. 15.

## III.

The defendant asserts that the sentencing court's refusal to grant him an evidentiary hearing on the validity of his prior convictions deprived him of due process. Therefore, we begin our analysis with a review of the potential constitutional underpinnings for the right to an evidentiary hearing at sentencing claimed by the defendant.

## A.

In *Custis v. United States*, —— U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), the United States Supreme Court addressed the issue of a defendant's right to challenge the validity of prior convictions at a subsequent sentencing hearing in which the prior convictions will affect the defendant's sentence. The defendant in *Custis* was convicted of possession of a firearm by a felon. At the sentencing hearing, the prosecution moved for mandatory enhancement of the defendant's sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (1988), based on three prior state felony convictions. *Custis*, —— U.S. at ——, 114 S.Ct. at 1734. The defendant challenged the use of two of the convictions on the ground that they were constitutionally infirm. The defendant argued that he had been denied effective assistance of counsel in the prior proceedings, among other alleged constitutional infirmities. *Id.*

The Supreme Court held that in the absence of a claim that the disputed convictions were obtained in violation of his right to counsel, the defendant had no federal constitutional right to attack those convictions during the federal sentencing process. *Id.* at ——, 114 S.Ct. at 1738–39. The Court singled out the failure to appoint counsel for an indigent defendant as a "unique constitutional defect" that compromises the very essence of the legal process. *Id.* at ——, 114 S.Ct. at 1738. Due to this unique impact, the Court held that a defendant's right to attack convictions tainted by this defect in the sentencing forum is constitutionally protected. However, the Court noted that allegations of other improprieties, such as ineffective assistance of counsel or invalid guilty pleas, do not rise to the same constitutional level. *Id.* Thus, a defendant does not have a constitutional right to relitigate these issues at sentencing.

The Court based its decision in part on administrative and policy concerns. The Court noted the administrative difficulties inherent in assessing claims of ineffective assistance of counsel and failure to assure that a guilty plea was voluntary when such claims

"may date from another era, and may come from any one of the 50 states." *Custis,* —— U.S. at ——, 114 S.Ct. at 1738–39. The Court also cited principles of finality of judgments to support its limitation. " '[I]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice." *Id.* at ——, 114 S.Ct. at 1739 (quoting *United States v. Addonizio,* 442 U.S. 178, 184 n. 11, 99 S.Ct. 2235, 2240 n. 11, 60 L.Ed.2d 805 (1979)).

We are cognizant of the differences between the federal sentencing process at issue in *Custis,* in which the existence of a prior felony mandated sentence enhancement, and the discretionary sentencing format before us today, in which the existence of a prior felony is simply one of the factors to be considered by the court in exercising discretion in sentencing. The facts of this case, however, do not require us to determine whether the *Custis* holding is applicable to discretionary sentencing. The defendant did not, and based on the record apparently cannot, allege that he was denied counsel during the proceedings that gave rise to his three prior convictions. Therefore, we need not address whether *Custis* guarantees a defendant a constitutional right to challenge at a *discretionary* sentencing hearing prior convictions obtained in violation of the defendant's right to counsel.

■ We do conclude, however, that the *Custis* decision is dispositive of the defendant's claim that he has a federal constitutional right to challenge his prior convictions at the discretionary sentencing proceeding on bases other than that he was indigent and denied counsel. *Custis* limited the constitutional grounds for attacking a prior conviction in the context of sentencing under the ACCA, a mandatory punishment enhancement statute. In the present case, the defendant seeks to challenge his convictions during a discretionary sentencing proceeding, a type of proceeding in which the defendant is traditionally afforded fewer protections. *Compare Williams v. New York,* 337 U.S. 241, 249–51, 69 S.Ct. 1079, 1084–85, 93 L.Ed. 1337 (1949) (due process does not prevent court from utilizing information obtained from out-of-court sources and set forth in probation reports in imposing discretionary sentence) *with Specht v. Patterson,* 386 U.S. 605, 608–11, 87 S.Ct. 1209, 1211–13, 18 L.Ed.2d 326 (1967) (due process requires that offender receive full panoply of procedural protections in sentencing proceeding to determine whether he meets statutory criteria of dangerousness and thus qualifies for mandatory sentence of one day to life under Colorado's Sex Offenders Act). Because a federal constitutional right to challenge prior convictions during mandatory enhanced sentencing procedures attaches only if a defendant alleges a denial of appointed counsel, such a right cannot logically be said to extend any further in the context of discretionary sentencing. The defendant's motion to suppress alleged that his prior convictions were invalid for a host of reasons, none of which was the denial of counsel. Consequently, he has no federal constitutional right to assert these challenges at sentencing.

### B.

■ The defendant argues that even in the absence of a federal constitutional right to attack prior judgments of conviction at sentencing, we should recognize such a right under the Colorado Constitution. We disagree. In *Wiedemer,* 852 P.2d at 438, we held that the right to postconviction relief is not rooted in the Colorado Constitution, but rather derives from statutory authority. We decline the defendant's invitation to create a new constitutional right to pursue the alternative form of postconviction relief sought in this case.

■ The defendant contends that our failure to recognize a right to a hearing on the constitutionality of prior convictions at sentencing will compromise the due process rights protected by our consistent prohibition on the use of constitutionally invalid convictions in subsequent cases. *See supra* part II; *see also Quintana,* 707 P.2d at 359; *Gandy,* 685 P.2d at 167; *Watkins,* 655 P.2d at 837. According to the defendant, the sentencing court violated this prohibition when it denied him the opportunity to present evidence to support his allegations that his prior convictions were constitutionally infirm and

then considered those convictions in assessing punishment. The defendant's contentions are based primarily ·on our prior holdings in the context of habitual criminal proceedings. *E.g., Quintana,* 707 P.2d at 359, *Watkins,* 655 P.2d at 837. Under Colorado's habitual criminal sentencing statute, a defendant who is convicted of any of certain enumerated felonies, and who has a prior criminal record that includes the threshold number and class of prior convictions described in the statute, shall be adjudicated an habitual criminal. *See* § 16–13–101, 8A C.R.S. (1995 Supp.). If so adjudged, the defendant receives a mandatory sentence under the statute that is in excess of the sentencing range to which the defendant would have been exposed if sentenced only on the basis of the underlying conviction. Because the establishment of a prior conviction results in automatic sentence enhancement, habitual criminal defendants are entitled to heightened procedural safeguards against infringement of their due process rights through the use of potentially invalid prior convictions.

We do not agree, however, that the same heightened protection is required for defendants subject to discretionary sentencing, in which the existence of prior convictions does not mandate enhanced punishment. The discretionary sentencing process is conducted pursuant to section 16–11–102, 8A C.R.S. (1986 & 1995 Supp.), and Crim.P. 32(b). Following a determination of guilt in a felony case, a probation officer prepares for the court a presentence report which includes, but is not limited to, "information as to the defendant's family background, educational history, employment record, and past criminal record." § 16–11–102(1)(a). The sentencing court then considers this information and any information presented at the sentencing hearing and exercises broad discretion in weighing the various factors and fixing punishment. *People v. Blizzard,* 852 P.2d 418, 419 (Colo.1993); *People v. Watkins,* 200 Colo. 163, 166, 613 P.2d 633, 635–36 (1980) (discretionary sentencing "requires the weighing of various factors and striking a fair accommodation between the defendant's need for rehabilitation or corrective treatment and society's interest in safety and deterrence"). Consequently, a defendant's

prior convictions are but one factor of many considered by the court in selecting a sentence, and these convictions do not trigger mandatory enhancement. Unlike in a habitual criminal proceeding, a defendant's sentence is not entirely dependent on the defendant's prior convictions and would not necessarily be invalidated by the presence of information in the presentence report concerning a constitutionally invalid conviction. The sentencing range to which the defendant is exposed is not affected by the establishment of prior convictions.

In recognition of the more limited impact of individual sentencing factors in discretionary sentencing, we have not required adherence to heightened due process standards of evidentiary presentation. The prosecution is not required to prove any of the sentencing factors by evidence presented in accordance with the due process procedures required in a guilt trial on the merits of the case. *Wolford v. People,* 178 Colo. 203, 208, 496 P.2d 1011, 1013 (1972); *see also* CRE 1101(d)(3) (rules of evidence are inapplicable in sentencing proceedings); *cf. Williams,* 337 U.S. at 246–51, 69 S.Ct. at 1082–85 (noting the historical and practical reasons for different evidentiary rules governing trial and sentencing procedures and holding that "[t]he due process clause should not be treated as a device for freezing the evidential procedure of sentencing in the mold of trial procedure"). Given their status as merely one of those sentencing factors, prior convictions need not be proven beyond a reasonable doubt, and the sentencing court may afford these convictions the presumption of regularity that attaches to final judgments. *See Parke v. Raley,* 506 U.S. 20, 28–30, 113 S.Ct. 517, 523, 121 L.Ed.2d 391 (1992) ("presumption of regularity" attaches to judgments that have never been appealed, "even when the question is waiver of constitutional rights") (citations omitted). Because the defendant is not subject to mandatory sentence enhancement based on the use of these convictions, an opportunity to rebut this presumption in a discretionary sentencing proceeding is not constitutionally required.

Contrary to the defendant's contention, these restrictions on a defendant's ability to challenge prior convictions affect only the procedural method of addressing these convictions and not the substantive rights of defendants. In *People v. Germany,* we stated:

> Thus, while the state may enact reasonable requirements for collateral challenges to prior criminal convictions, thereby ensuring that claims will be raised at a time when they may be easily determined and necessary corrective action taken, it may not do so without providing a criminally accused a meaningful opportunity to challenge allegedly unconstitutional convictions which the government seeks to use against him in a pending criminal prosecution.

674 P.2d 345, 350 (Colo.1983). Our determination that a defendant has no constitutional right to challenge prior convictions at a discretionary sentencing hearing merely directs such challenges into more appropriate channels where they can be handled with minimum disruption to the criminal justice process. Defendants are not left without recourse to remedy constitutional defects in prior convictions. Other avenues of review are available, both before and after sentencing, including timely direct appeal of the prior conviction to the court of appeals or the supreme court, and a postconviction motion to vacate under Crim.P. 35(c). Each of these methods is designed to provide defendants with an opportunity to challenge the validity of past judgments, and these options provide defendants with a sufficient and meaningful opportunity to attack an allegedly unconstitutional conviction. Other states undoubtedly have analogous procedures for challenging the constitutionality of criminal convictions. Accordingly, we are satisfied that defendants

have access to adequate means to protect themselves against the use of invalid prior convictions without yet another opportunity to challenge these convictions at sentencing. Therefore, a prior conviction not previously adjudicated invalid may be considered by the court as a sentencing factor without running afoul of the prohibition against using constitutionally invalid convictions to enhance a sentence.[7]

### IV.

Because we find no constitutional support for the defendant's claim to an evidentiary hearing on the validity of prior convictions during his discretionary sentencing proceeding, we now look for evidence of such a right in the Colorado statutes that govern the processes of sentencing and postconviction review.

### A.

As explained above, discretionary sentencing is governed by section 16–11–102, 8A C.R.S. (1986 & 1995 Supp.), and Crim.P. 32(b). Prior to the sentencing hearing, the court receives a presentence report prepared by a probation officer which contains information regarding the defendant's past family, educational, employment, and criminal record. After receiving the presentence report, the court must grant the defendant "an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment." § 16–11–102(5), 8A C.R.S. (1986); Crim.P. 32(b). This right to present information is limited, however, by the context of the proceeding in which it occurs.

7. The defendant cites several of our earlier cases in support of his position that postsentencing challenges provide inadequate protection against the use of prior convictions. *See, e.g., Apodaca v. People,* 712 P.2d 467 (Colo.1985); *Bales v. People,* 713 P.2d 1280 (Colo.1986). However, these cases were decided in the context of motions to suppress the use of prior convictions for impeachment purposes and are inapposite to the present situation. In *Apodaca* and *Bales,* the defendants moved for a ruling on the validity of prior convictions immediately prior to commencement of their trials for subsequent crimes.

We held that the trial courts' failure to rule on the defendants' challenges before they were required to decide whether to testify impermissibly chilled the defendants' constitutional rights to testify in their own defense. *Apodaca,* 712 P.2d at 473; *Bales,* 713 P.2d at 1282. As we discussed in part III, *supra,* the sentencing court's denial of the defendant's challenge in this case did not adversely affect any constitutional right or entitlement. Accordingly, the ability to challenge after completion of the sentencing process provides sufficient protection to the defendant.

The purpose and function of discretionary sentencing in the administration of criminal justice necessarily limit the scope of the sentencing proceedings. The discretionary sentencing process is intended to allow individualized sentencing; the court tailors a sentence consistent with the defendant's prior behavior and other factors. *See Williams,* 337 U.S. at 248–50, 69 S.Ct. at 1083–85; *Watkins,* 200 Colo. at 166, 613 P.2d at 635–36. The sentencing process differs from the guilt phase of a trial; the defendant has already been found guilty of the crime for which he is to be punished and his due process rights are correspondingly limited. *McMillan v. Pennsylvania,* 477 U.S. 79, 86–87, 106 S.Ct. 2411, 2416–17, 91 L.Ed.2d 67 (1986). Thus, the sentencing hearing is designed to proceed expeditiously, *see* Crim.P. 32(b) ("Sentence shall be imposed without unreasonable delay."), and the procedures in a sentencing hearing are less formal than in a trial on the merits, *see, e.g.,* CRE 1101(d)(3) (rules of evidence not applicable in sentencing proceedings). The sentencing court reviews the information provided in the presentence report and at the sentencing hearing and exercises broad discretion in weighing the various factors and selecting a sentence. *Williams,* 337 U.S. at 247, 69 S.Ct. at 1083; *Blizzard,* 852 P.2d at 419; *Watkins,* 200 Colo. at 166, 613 P.2d at 635–36. Given this flexible and expedited procedural context, the sentencing forum is ill-suited to resolving complex factual issues.

To avoid compromising the flexibility of the sentencing process, we have resisted defendants' efforts to expand their right to present information and have not interpreted that right to encompass an evidentiary hearing. Although a defendant has a right to be heard regarding the accuracy of matters in his presentence report, the prosecution is not required to prove the sentencing factors by the same quality of evidence required in a guilt trial on the merits of the case. *Wolford,* 178 Colo. at 208, 496 P.2d at 1013. Other courts have also recognized the need to limit the defendant's right to be heard at sentencing to prevent the sentencing hearing from becoming a trial. *See United States v. Giltner,* 889 F.2d 1004, 1008 (11th Cir.1989) ("While due process requires that appellant be afforded the opportunity to refute the information brought against him at sentencing, ... it does not require that appellant be given the opportunity to call and cross-examine witnesses to rebut the information.") (citations omitted); *see also United States v. Byrd,* 995 F.2d 536, 540 n. 5 (4th Cir.1993) *cert. denied,* —— U.S. ——, 114 S.Ct. 2140, 128 L.Ed.2d 868 (1994) (stating that federal statutory language providing that no limits may be placed on the information considered by a sentencing court does not create a right to assert constitutional challenges to prior convictions) (citing *United States v. Custis,* 988 F.2d 1355, 1361 n. 2 (4th Cir.1993), *aff'd,* —— U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994)).

Were we to endorse the defendant's position that an evidentiary hearing on the validity of prior convictions is required during sentencing, the entire discretionary sentencing process would be disrupted. The sentencing court would be required to play the role of a second trial court, revisiting testimony and other evidence already brought before a prior tribunal. In *Williams,* the United States Supreme Court recognized the potentially disastrous impact on the administration of criminal justice if all sentencing factors were required to be proved through an evidentiary proceeding: "[T]he modern probation report draws on information concerning every aspect of a defendant's life. The type and extent of this information make totally impractical if not impossible open court testimony with cross-examination. Such a procedure could endlessly delay criminal administration in a retrial of collateral issues." 337 U.S. at 250, 69 S.Ct. at 1085–86 (footnotes omitted). This warning is particularly apt in the present case. The defendant challenged the use of three prior convictions, each more than twenty years old. For each conviction, the defendant raised at least six grounds for invalidation that will require the presentation of evidence and the determination of complex issues. The resolution of these challenges would delay the sentencing process indefinitely. We decline to interpret section 16–11–102 or Crim.P. 32(b) in a manner that compromises the effectiveness of discretion-

ary sentencing. These provisions do not guarantee the defendant an evidentiary hearing on the validity of his prior convictions during the sentencing process.

### B.

We next examine the postconviction review statute, § 18–1–410, 8B C.R.S. (1986 & 1995 Supp.). This section establishes an entitlement to apply for postconviction review, § 18–1–410(1), but defers to the Colorado Rules of Criminal Procedure for procedural guidelines, § 18–1–410(2)(a). The rule governing postconviction remedies is Crim.P. 35(c). Although Rule 35(c) does not specifically authorize postconviction review during a sentencing proceeding, neither does it place any explicit time limitations on when review may be sought. However, the rule does require the defendant to file the motion for relief in the court that imposed sentence, i.e., the jurisdiction in which the challenged conviction originated. This requirement suggests that postconviction challenges under Rule 35(c) are not appropriate during sentencing proceedings for subsequent crimes because the court presiding over the second proceeding often will not have jurisdiction over the prior conviction.

The defendant in the present case, however, attempts to distinguish his motion to suppress the use of his prior convictions in the sentencing hearing from an application for postconviction relief under Rule 35(c). According to the defendant, because a suppression motion does not result in the vacation of the underlying conviction, with attendant potential retrial, it represents an administrative gain over the more cumbersome Rule 35(c) procedure.[8] Although we recognize the differences between the two types of relief, we are not convinced that the distinctions are relevant to the issue of the propriety of challenges to prior convictions during discretionary sentencing proceedings.

In the situation presented here, a motion to suppress prior convictions and a motion to vacate these same convictions are merely different means of obtaining the same end—prevention of the use of those convictions in a subsequent proceeding. Regardless of which motion is filed, the sentencing court must undertake a full evaluation of the constitutionality of the prior convictions before making any determination as to their use. Consequently, a motion to suppress, if accompanied by an automatic evidentiary hearing, would cause a delay in the sentencing process equal to any slowdown associated with a motion to vacate. Thus, to allow full suppression hearings at sentencing would effectively negate the administrative advantages of discretionary sentencing by circumventing the limitations that currently prevent other postconviction challenges during sentencing.[9] In *Wiedemer*, we did not distinguish between suppression motions and Rule 35(c) motions for the purposes of applying the statute of limitations for collateral attack, 852 P.2d at 432, and we do not find any basis to distinguish between the two types of motions here. The defendant has not cited any distinct statutory authority to support the attachment of special hearing rights to suppression motions at sentencing. Accordingly, we find no support in the postconviction relief provisions for the defendant's claim of right to an evidentiary hearing.

### V.

For the foregoing reasons, we conclude that an evidentiary hearing on the constitutional validity of prior convictions during discretionary sentencing is neither constitutionally nor statutorily guaranteed. If, as in the present case, the defendant has not attacked the constitutional validity of his prior convictions before the sentencing hearing, he retains the right to challenge the convictions after sentencing under Crim.P.

---

8. The defendant argues that motions to vacate prior convictions will result in subsequent retrials of those convictions and clog the court system. In this case, however, the defendant has completed the sentences for his prior crimes and is not likely to be retried.

9. Suppression would also leave the conviction in place, with the result that an additional proceeding in the court in which the conviction was obtained would be necessary to prevent future use of the conviction in other cases.

35(c) [10] or comparable procedures available in other states. If such a challenge is successful, he may then apply for *reopening of any sentence* entered after consideration of the invalid convictions. *Accord Custis,* —— U.S. at ——, 114 S.Ct. at 1739. We reverse the judgment of the court of appeals and return the case to that court with directions to affirm the judgment and sentence entered by the district court.

**10.** In any future motion filed pursuant to Rule 35(c), the defendant must comply with the *Wiedemer* pleading requirements regarding justifiable excuse and excusable neglect to overcome the statutory time bar of section 16–5–402, 8A C.R.S. (1986). *People v. Wiedemer,* 852 P.2d·424, 440 n. 15 (Colo.1993).