**Filed 10/1/96**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

PATRICK ANTHONY BROWN,

      Petitioner - Appellant,

v.

DONICE NEAL; ATTORNEY
GENERAL FOR THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 96-1123

D. Colorado

(D.C. No. 95-S-3277)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Patrick Anthony Brown appeals from an order dismissing his 28 U.S.C. § 2254 petition for a writ of habeas corpus. The district court concluded that Brown had failed to exhaust his state court remedies and, thus, dismissed the petition without prejudice. We agree, and dismiss the appeal.

In April of 1990, Brown pled guilty to two counts of burglary in the Superior Court of Morristown, New Jersey, for which he received a sentence of time served and three years of probation. In April of 1994, a Colorado jury convicted Brown of conspiracy to commit first degree murder and reckless endangerment. Colorado law required the court to sentence Brown to an enhanced sentence because he was on probation for his New Jersey felony conviction at the time he committed the Colorado felonies. See Colo. Rev. Stat. § 18-1-105(9)(a)(III) (1986). The court sentenced him to concurrent terms of sixteen years for conspiracy to commit first degree murder and six months for reckless endangerment. Brown appealed his conviction to the Colorado Court of Appeals, but did not challenge his New Jersey conviction or the sentencing court's use of the New Jersey conviction to enhance his sentence. The Colorado Court of Appeals affirmed, see People v. Brown, No. 94CA0891 (Colo. Ct. App. Nov. 16, 1995), but it is unclear whether Brown sought review in the Colorado Supreme Court. Brown claims that in March of 1995 he filed a motion in the Superior Court of Morristown, New Jersey, to withdraw his guilty plea, to correct an illegal sentence, and for a new trial, but that the clerk of court informed him there is no record of the filing.

In December of 1995, Brown filed this 2254 petition asserting that his New Jersey conviction resulted from an illegal search and seizure, an illegal arrest and questioning, ineffective assistance of counsel, a coerced guilty plea, and denial of his right to a speedy and public trial. Brown contends that because his New Jersey conviction was obtained in violation of his constitutional rights, the enhanced Colorado sentence based on his New Jersey probation is also unconstitutional.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); see also Rose v. Lundy, 455 U.S. 509, 518-19 (1982) ("[a] rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state court, thus giving those courts the first opportunity to review all claims of constitutional error."). An applicant has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Under Colorado law a person "who has been convicted [of a felony] under a criminal statute of [Colorado] or any other state" must collaterally attack the conviction within three years of the conviction. See Colo. Rev. Stat. § 16-5-402(1) (1986). Although Brown failed to collaterally attack his New Jersey conviction within three years, he could have done so at his sentencing for the Colorado conviction if he could have

shown that his failure to collaterally attack his New Jersey conviction during the three-year time period was the result of "justifiable excuse or excusable neglect." <u>See</u> Colo. Rev. Stat. § 16-5-402(2)(d) (1986); <u>see also</u> <u>People v. Wiedemer</u>, 852 P.2d 424, 442-43 (Colo. 1993) (defendant may avoid time bar of 16-5-402 by showing justifiable excuse or excusable neglect under a balancing test including a number of factors). It is unclear from the record whether Brown challenged his New Jersey conviction at his sentencing for the Colorado conviction.[1] It is clear, however, that he did not challenge his New Jersey conviction on direct appeal from his Colorado conviction. Nevertheless, under Colorado law a "petitioner may raise issues of constitutional error in a postconviction proceeding 'although the same issues could have been effectively raised on [appeal.]'"

---

[1] It is not entirely clear under Colorado law whether a defendant is entitled to collaterally attack a prior conviction *at the sentencing hearing* in which the prior conviction and resulting probationary status are used to enhance the defendant's sentence as required by 18-1-105(9)(a)(III). The Colorado Supreme Court has recently held that a discretionary sentencing proceeding, in which a prior conviction is just a factor to be considered by the judge in his or her discretion, is not an appropriate forum to hold an evidentiary hearing to attack the prior conviction. <u>People v. Padilla</u>, 907 P.2d 601, 603 (Colo. 1995). Rather, such an attack must be made through a postconviction motion under Colorado Rules of Criminal Procedure 35(c)(2)(I). <u>Id.</u> at 608. The court did not decide whether such an attack would be appropriate at a sentencing hearing in which a prior conviction mandates an enhanced sentence. However, the court did indicate that mandatory enhancement statutes such as the habitual criminal statute entitle defendants "to heightened procedural safeguards against infringement of their due process rights through the use of potentially invalid prior convictions." <u>Id.</u> at 607. Whether a defendant subject to mandatory sentencing enhancement due to a prior conviction is entitled to attack the prior conviction at the sentencing, on appeal, or through a postconviction motion is a question that only the Colorado courts can decide. In any event, for the reasons indicated above we conclude that Brown is likely entitled to file a postconviction motion.

People v. Rodriguez, 914 P.2d 230, 253 (Colo. 1996) (quoting People v. Bradley, 455 P.2d 199, 200 (1969)).[2]  Accordingly, we cannot say that Brown is unable to attack his New Jersey conviction through a postconviction attack of his Colorado conviction pursuant to Colorado Rules of Criminal Procedure 35(c)(2)(I).

Because there appears to be an "available procedure" under Colorado law by which Brown may attempt to show "justifiable excuse or excusable neglect" for not collaterally attacking his New Jersey conviction within three years and, if successful, argue the merits of his challenge to the New Jersey conviction, the district court correctly concluded that he has not exhausted his state court remedies.  Accordingly, we DENY the petition for a certificate of appealability, see 28 U.S.C. § 2253(c)(1)(A), and DISMISS the appeal.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[2]  It appears that Colorado has abandoned this rule and now applies the rule that a court may deny relief if a postconviction petition raises an issue that the defendant deliberately or inexcusably failed to raise at trial or on direct appeal.  See  Rodriguez , 914 P.2d at 253 n.20.  However, the court decided not to retroactively apply the rule since it had not clearly been the "state of the law" before the Rodriguez opinion.  Id. at 252, 253 n.20.  Likewise, the new rule presumably would not apply to Brown since his direct appeal was filed and decided before the Rodriguez opinion.