The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Xue XIONG, Defendant–Appellant.

No. 96CA1658.

Colorado Court of Appeals,
Div. V.

June 26, 1997.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Roger G. Billotte, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Clayton & Stone, L.L.C., April Bennett Stone, Heather R. Younger, Boulder, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Xue Xiong, appeals from a trial court order denying his motion for post-conviction relief. We affirm.

Pursuant to a plea agreement, defendant pleaded guilty to one count of second degree assault and one count of crime of violence. On June 15, 1993, he was sentenced to the Department of Corrections for a term of five years.

More than three years later, on July 23, 1996, defendant filed a motion for post-conviction relief seeking to vacate his conviction on the grounds that his guilty plea was involuntary and was the result of the ineffective assistance of his counsel. The trial court denied the motion without a hearing, ruling, in part, that it was "barred by the limitations in C.R.S. 16–5–402," and that it "failed to allege, aver, or otherwise indicate ... any exception to the time limitations such as justifiable excuse or excusable neglect...."

On appeal, defendant contends that the trial court erred in denying his motion without first conducting a hearing to determine whether the untimely filing was a result of justifiable excuse or excusable neglect. We perceive no error.

If a defendant's motion for post-conviction relief is untimely under § 16–5–402, C.R.S. (1986 Repl.Vol. 8A), the trial court may deny the motion without conducting a hearing if the defendant has failed to allege facts which, if true, would establish justifiable excuse or excusable neglect. *See People v. Wiedemer,* 852 P.2d 424 (Colo. 1993). Indeed, it is appropriate for the trial court to raise the timeliness issue *sua sponte. People v. Padilla,* 878 P.2d 4 (Colo.App. 1993).

We recognize that in *People v. Lanford,* 867 P.2d 50, 52 (Colo.App.1993), a division of this court held that: "If a court raises the

time limitation of § 16–5–402 *sua sponte,* it must offer the defendant the opportunity to show why the motion should not be denied by application of that time limitation." However, as we read *Lanford,* its holding is limited to situations where the defendant's post-conviction motion was filed before *Wiedemer* was announced.

In *Wiedemer,* the supreme court held that, in a Crim. P. 35(c) motion, the defendant must affirmatively plead the existence of excusable neglect or justifiable excuse when the statutory period has passed. *See People v. Padilla, supra* (since *Wiedemer* holding establishing affirmative pleading requirement was announced after sentencing hearing in which defendant did not assert excusable neglect or justifiable excuse, defendant was entitled to remand for presentation of evidence on such issues).

■ Here, defendant's post-conviction motion was filed long after *Wiedemer* was announced and his motion did not allege either justifiable excuse or excusable neglect as the basis for its untimeliness. Hence, we conclude that the trial court correctly denied the motion as untimely without conducting a hearing. *See People v. Wiedemer, supra.* Thus, we need not remand to afford defendant an opportunity to assert justifiable excuse or excusable neglect.

In view of our conclusion, it is not necessary to address defendant's other contentions.

The order is affirmed.

RULAND and ROTHENBERG, JJ., concur.