23CA0400 Peo v Pittman 07-11-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA0400 Arapahoe County District Court No. 01CR3217 Honorable David Karpel, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Emanuel Vernell Pittman, Defendant-Appellant. ORDER AFFIRMED Division I Opinion by JUDGE WELLING Schock and Taubman*, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 11, 2024 Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Emanual Vernell Pittman, Pro Se *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
1 ¶ 1 Defendant, Emanuel Vernell Pittman, appeals the postconviction court’s order denying his Crim. P. 35(c) motion. We affirm. I. Background ¶ 2 In December 2001, Pittman was charged with sexual assault, a class 3 felony, and a crime of violence sentence enhancer. He accepted a plea deal and pleaded guilty to the lesser offense of attempted sexual assault, a class 5 felony. In December 2002, the court sentenced him to six years in the Department of Corrections with a two-year term of mandatory parole. Based on this plea, Pittman was required to register as a sex offender. ¶ 3 In February 2004, Pittman filed a pro se motion, arguing that he should be subject to discretionary rather than mandatory parole. The court granted this motion and amended the mittimus accordingly. The People challenged the change to Pittman’s sentence, asking the court to further amend the mittimus to reflect the court’s original sentence. The court granted the People’s motion, vacating the amended mittimus and reinstating the original sentence with mandatory parole in place. 
2 ¶ 4 In March 2005, Pittman filed a pro se petition under Crim. P. 35(a) asking the court to reevaluate his February 2004 motion to amend the mittimus. The postconviction court denied this petition, and Pittman appealed. On appeal, a division of this court reversed the order and remanded the case to the postconviction court to correct the mittimus to reflect that Pittman’s sentence included discretionary, not mandatory, parole. People v. Pittman, (Colo. App. No. 05CA1059, Dec. 7, 2006) (not published pursuant to C.A.R. 35(f)). The postconviction court amended the mittimus accordingly in February 2007. ¶ 5 In October 2010, Pittman filed a pro se motion to vacate the requirement that he register as a sex offender, arguing that because he never received an offense-specific evaluation he shouldn’t have to register. ¶ 6 In January 2011, while the October 2010 motion was still pending, Pittman filed a Crim. P. 35(a) motion, arguing that his sentence was illegal for the same reason — namely, that he never received an offense-specific evaluation. ¶ 7 In September 2011, the postconviction court denied both motions, noting that the record showed that Pittman had received 
3 an offense-specific evaluation. Pittman appealed the denial of both motions, and a division of this court affirmed on the basis that Pittman’s motions were untimely. People v. Pittman, (Colo. App. No. 11CA2016, Mar. 28, 2013) (not published to C.A.R. 35(f)). ¶ 8 In November 2017, Pittman moved to discontinue his sex offender registration. The postconviction court denied the motion because Pittman wasn’t then eligible to discontinue registration. He filed another motion to discontinue sex offender registration in February 2022, which the postconviction court again denied because Pittman was incarcerated and, therefore, wasn’t required to register until after he was released.
1 ¶ 9 In January 2023 — nearly twenty-one years after his conviction entered in this case — Pittman filed a Crim. P. 35(c) motion, arguing that his sentence should be vacated because his plea counsel didn’t tell him he would have to register as a sex offender after he completed parole, and, therefore, his sentence was unconstitutional. The postconviction court concluded that this 1 Pittman is currently serving a ninety-six-year habitual criminal sentence for first degree assault of an at-risk adult in an unrelated case. See People v. Pittman, (Colo. App. No. 21CA1180, Jan. 18, 2024) (not published pursuant to C.A.R. 35(e)). 
4 motion was procedurally barred as successive under Crim P. 35(c)(3)(VII) and denied the motion. This appeal followed. II. Analysis ¶ 10 Pittman contends that the postconviction court erred by denying his January 2023 Crim. P. 35(c) motion. Because Pittman’s motion was untimely and successive, the postconviction court correctly denied the motion without a hearing. ¶ 11 We review the denial of a postconviction motion without a hearing de novo. People v. Trujillo, 169 P.3d 235, 237 (Colo. App. 2007). ¶ 12 A defendant has three years to collaterally attack a final judgment for a class 5 felony. § 16-5-402(1), C.R.S. 2023. “If an appellate court can determine on the face of the motion, files, and record in a case that a collateral attack is outside the time limits specified [in the statute], the appellate court may deny relief on that basis, regardless of whether the issue of timeliness was raised in the trial court.” § 16-5-402(1.5); see also People v. Xiong, 940 P.2d 1119, 1119 (Colo. App. 1997). Unless an exception applies, a court “shall deny any [Crim. P. 35(c)] claim that could have been 
5 presented in an appeal previously brought or postconviction proceeding previously brought.” Crim. P. 35(c)(3)(VII). ¶ 13 Pittman’s motion was properly denied as untimely. His conviction for attempted sexual assault, a class 5 felony, entered in December 2002. Consequently, Pittman had until December 2005 to timely file a Crim. P. 35(c) motion challenging this conviction, unless he demonstrated justifiable excuse or excusable neglect. See § 16-5-402(2)(d). Pittman’s Crim. P. 35(c) motion is therefore procedurally barred as untimely, and Pittman makes no allegation of justifiable excuse or excusable neglect to justify the untimeliness. ¶ 14 Second, Pittman’s motion was properly denied as successive. Generally, postconviction claims that were raised and resolved in a previous appeal or postconviction proceeding are procedurally barred unless an exception applies. Crim. P. 35(c)(3)(VI). A defendant may file an otherwise successive claim in cases where the claim is either based on (a) evidence not previously discovered through the exercise of due diligence; or (b) “on a new rule of constitutional law that was previously unavailable, if that rule has been applied retroactively by the United States Supreme Court or Colorado appellate courts.” Id. As noted, Pittman has filed several 
6 postconviction motions since his conviction entered in December 2002. Because neither of the exceptions to the successiveness bar applies in this case, Pittman’s Crim. P. 35(c) claim is also procedurally barred as successive. See Crim. P. 35(c)(3)(VI). ¶ 15 Accordingly, the district court properly denied Pittman’s Crim. P. 35(c) motion. III. Disposition ¶ 16 We affirm the postconviction court’s order. JUDGE SCHOCK and JUDGE TAUBMAN concur.