2014 COA 156

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**Philip Michael BONAN, Defendant–Appellant.**

**Court of Appeals No. 11CA1065**

Colorado Court of Appeals, Div. I.

Announced November 20, 2014

John W. Suthers, Attorney General, John J. Fuerst III, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Sarah A. Kellogg, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by JUDGE TAUBMAN

¶ 1 Defendant, Philip Michael Bonan, appeals the order denying his motion for postconviction relief under Crim. P. 35(c), in which he asserts that newly discovered evidence entitles him to a new trial. Because we conclude that academic theories addressed in research studies do not constitute evidence, and, therefore, cannot constitute new evidence, we affirm.

## I. Background

¶ 2 In 1988, Bonan was charged with four counts of sexual assault on a child—position of trust, and four counts of second degree assault on a child. The charges stemmed from allegations by Bonan's ex-girlfriend's three young children that he had sexually assaulted them while living with them from July to November 1986. Although Bonan admitted to pushing and hitting the children on several occasions, he denied sexually assaulting them.

¶ 3 During trial, the prosecution relied on expert testimony from therapists and psychologists who had interviewed the children and had provided therapy to them. Specifically, the experts testified that behavioral observations helped them conclude that the children had been sexually abused.

¶ 4 A jury convicted Bonan as charged. A division of this court affirmed the convictions, rejecting Bonan's claim that the trial court improperly admitted expert testimony that the children were truthful and had been sexually abused. *People v. Bonan,* (Colo. App. No. 89CA0937, Dec. 15, 1994) (not published pursuant to C.A.R. 35(f)).

### A.  1998 Crim. P. 35(c) Motion

¶ 5 In August 1998, Bonan filed a pro se motion for postconviction relief asserting that he was entitled to a new trial because newly discovered research indicated that suggestive interviewing techniques could lead to false implanted memories. The public defender filed a second motion for postconviction relief omitting the newly discovered evidence claim. The trial court concluded that "the only motion for postconviction relief that has to be addressed is the one filed by the public defender," but denied both motions without an evidentiary hearing.

¶ 6 A division of this court concluded that the trial court should have considered both motions, but nonetheless rejected the claims in Bonan's pro se motion. *People v. Bonan,* (Colo. App. No. 98CA2532, Sept. 7, 2000) (not published pursuant to C.A.R. 35(f)). The division remanded for consideration of three allegations of ineffective assistance of counsel. *Id.*

¶ 7 On remand, the public defender filed another motion for postconviction relief, alleging not only the claims on which the division of this court had remanded, but also additional claims of ineffective assistance of counsel. In December 2003, the trial court issued a written order denying Bonan's claims for relief.

¶ 8 Bonan did not appeal this ruling; rather, in April 2004, he filed a motion for sentence reconsideration, alleging numerous claims for postconviction relief. The motion focused on trial counsel's failure to present expert testimony challenging the interview techniques of the prosecution's expert witnesses. In support of his motion, Bonan cited several psychological studies published between 1986 and 1995 addressing the suggestive manipulation of children. The trial court again denied his motion. Bonan did not appeal that ruling.

### B.  2006 Crim. P. 35(c) Motion

¶ 9 In February 2006, Bonan filed a motion for postconviction relief under Crim. P. 35(c), asserting that "recent scientific research has produced an undisputed body of facts that renders the state's expert opinion testimony

foundationless [sic]" and "contradict[s] the state's experts' proposition that they were capable of determining whether a child's report is accurate." The motion characterized the research as newly discovered evidence.

¶ 10 The trial court denied the motion, finding that what Bonan characterized as "new evidence" was in fact "new research indicat[ing] that the evidence that was submitted may not have been trustworthy." The trial court differentiated between "new facts" and "new theories," explaining that, "[t]he new evidence that the defendant refers to is merely theories concerning evidence which was properly admitted at trial. These subjective theories are not evidence."

¶ 11 Bonan appealed and a division of this court dismissed the appeal as untimely.

### C. Current Crim. P. 35(c) Motion

¶ 12 On March 31, 2011, Bonan filed a Motion for Appointment of Counsel and a supporting memorandum of law in which he asserted a newly discovered evidence claim similar to his 2006 motion. Without holding an evidentiary hearing, the trial court denied the motion as successive and time barred.

¶ 13 The trial court noted that Bonan's previous challenges to the prosecution's expert testimony included the "same or similar allegations," and that Bonan did not assert "special circumstances warranting consideration of his claim." The trial court found that Bonan's motion was untimely under section 16–5–402, C.R.S. 2014.

■ ¶ 14 Although orders denying a motion for appointment of counsel are not final appealable orders, *People v. Thomas,* 116 P.3d 1284, 1286 (Colo. App. 2005), Bonan's motion raised a substantive claim for a new trial. As a result, the trial court and the People treated Bonan's motion as a Crim. P. 35(c) motion. We will do the same.

### II. Timeliness

¶ 15 Bonan contends that the trial court erred in denying his postconviction motion as untimely. We disagree.

### A. Standard of Review

■ ¶ 16 We review de novo a trial court's decision to deny a postconviction motion as untimely. *Close v. People,* 180 P.3d 1015, 1019 (Colo. 2008).

### B. Applicable Law

■ ¶ 17 Section 16–5–402 imposes a three-year statute of limitations on collateral attacks of all felonies, except class one felonies. A court will hear untimely motions or other collateral challenges only if a defendant establishes justifiable excuse or excusable neglect for failing to file a Crim. P. 35(c) motion within the statutory period. *People v. Wiedemer,* 852 P.2d 424, 440 (Colo. 1993).

¶ 18 In *Wiedemer,* the Colorado Supreme Court outlined the factors a trial court must consider in determining whether a defendant has established justifiable excuse or excusable neglect: (1) whether circumstances or outside influences prevented a challenge to the prior conviction; (2) whether a defendant who has reason to question the constitutionality of a conviction investigated its validity and took advantage of available avenues of relief; (3) whether the defendant either knew that the conviction was constitutionally infirm or had reason to question its validity; (4) whether the defendant had other means of preventing the government's use of the conviction so that a postconviction challenge was previously unnecessary; (5) the time between the date of conviction and the defendant's challenge; and (6) the effect that such period had on the state's ability to defend against the challenge. *Id.* at 441–42.

### C. Analysis

¶ 19 Bonan asserts that because the evidence on which he relies did not exist at any time within the statutory period, justifiable excuse or excusable neglect justifies his late filing. Specifically, he argues that no single research study is sufficient to undermine the expert testimony used to convict him at trial, and that bringing a Crim. P. 35(c) motion each time an additional study issued would have resulted in each motion being denied as successive. Therefore, his untimely filing should be excused because he waited until

there existed an unassailable mass of scientific evidence supporting his case.

¶ 20 However, because we conclude below that the theories addressed in the psychological studies Bonan cited do not constitute evidence, let alone new evidence, for the purposes of a Crim. P. 35(c) motion, we similarly conclude that Bonan had no justifiable excuse or excusable neglect for the late filing of his Crim. P. 35(c) motion, and, therefore, it was untimely.

¶ 21 Further, of the four professional articles on which Bonan relied in his 2011 motion, only one was published after the filing of his 2006 motion. Bonan cites that article, published in 2008, for the proposition that "children can provide detailed information through open-ended prompts." However, there is nothing new about this proposition. *See People v. Dist. Court*, 776 P.2d 1083, 1089 (Colo. 1989) ("[W]hether a child's out-of-court statement is reliable" depends in part on "whether the allegation was made in response to a leading question."). The limitations on the reliability of children's testimony have long been recognized in Colorado law. *See* § 13–90–106(1)(b)(II), C.R.S. 2014 (A child may only testify in a criminal sexual assault proceeding "when the child is able to describe or relate in language appropriate for a child of that age the events or facts respecting which the child is examined.").

¶ 22 In any event, even Bonan concedes that "significant time has elapsed since the conviction," and that "it could be somewhat difficult at this point for the state to defend its case." The crimes in this case were committed twenty-seven years ago. While not dispositive, the age of these crimes would hamper the state's ability to defend against Bonan's challenge.

¶ 23 Bonan also contends that, because the trial court raised the issue of timeliness sua sponte, it was obligated to provide him with a hearing before denying his motion as untimely. *See People v. Lanford*, 867 P.2d 50, 52 (Colo. App. 1993) ("[I]f a court raises the time limitation of [section] 16–5–402 sua sponte, it must offer the defendant the opportunity to show why the motion should not be denied by the application of that time

limitation."). However, in *Wiedemer*, the supreme court held that when a defendant files a Crim. P. 35(c) motion outside of the statutory period, he or she must affirmatively plead the existence of justifiable excuse or excusable neglect. *Wiedemer*, 852 P.2d at 440 n.15. In *People v. Xiong*, 940 P.2d 1119, 1119–20 (Colo. App. 1997), a division of this court held that *Lanford* "is limited to situations where the defendant's postconviction motion was filed before *Wiedemer* was announced." Bonan filed his Crim. P. 35(c) motion in 2011, long after the supreme court's 1993 decision in *Wiedemer*.

¶ 24 Therefore, we conclude that Bonan's motion is untimely because he did not assert justifiable excuse or excusable neglect. We further conclude the trial court did not err in denying Bonan's postconviction motion as untimely.

### III. Successive Claims

¶ 25 Bonan contends that the trial court erred in denying his postconviction motion as successive. We disagree.

### A. Standard of Review

¶ 26 We review de novo a trial court's decision to deny a postconviction motion as successive. *People v. Muniz*, 667 P.2d 1377, 1380–81 (Colo. 1983).

### B. Applicable Law

¶ 27 Crim. P. 35(c)(2)(V) requires a defendant seeking a new trial based on newly discovered evidence to show that (1) the new evidence was discovered after trial; (2) the defendant and his or her counsel exercised diligence to discover all evidence favorable to him or her before and during trial; (3) the newly discovered evidence is material to the issues involved and not merely cumulative or impeaching; and (4) on retrial, the newly discovered evidence would probably produce an acquittal. *People v. Muniz*, 928 P.2d 1352, 1357 (Colo. App. 1996); *see also* Crim. P. 35(c)(2)(V).

¶ 28 Further, Crim. P. 35(c)(3)(VI) states that "the court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the

same defendant." One exception is for claims "based on evidence that could not have been discovered previously through the exercise of due diligence." Crim. P. 35(c)(3)(VI)(a).

¶ 29 Both subsections require that a defendant identify new evidence that could not have been discovered prior to trial. Therefore, we must address whether Bonan's "unassailable mass" of psychological research constitutes "new evidence" for the purposes of his Crim. P. 35(c) motion.

### C. Analysis

¶ 30 Bonan argues that scientific research proves that highly suggestive interview techniques affect children's memories of actual events, causing a child's statement of abuse to be unreliable. He also asserts that scientific research proves that it is unreliable to use behavioral indicators to diagnose sexual abuse months or years after it allegedly occurred. Bonan characterizes these academic theories as "new evidence" for the purposes of his Crim. P. 35(c) motion.

¶ 31 Bonan's argument misapprehends the role academic theories played in his conviction. Academic theories merely form the basis for interpreting evidence when they are applied to existing evidence. *See* CRE 702 (Scientific knowledge is admissible only if it "will assist the trier of fact to understand the evidence or to determine a fact in issue."). Unapplied, academic theories do not constitute evidence. *See State Dep't of Labor & Emp't v. Esser*, 30 P.3d 189, 195 (Colo. 2001) (" '[E]vidence' is '[s]omething (including testimony, documents and tangible objects) that tends to prove or disprove the existence of an alleged fact.' " (quoting *Black's Law Dictionary* 576 (7th ed. 1999))).

¶ 32 Here, the theories addressed in the studies on which Bonan relies do not constitute testimony, documents, or tangible objects within the scope of this definition. In contrast, in criminal trials involving DNA evidence, the parties rely on the testimony of a DNA expert, who explains the scientific theories supporting DNA match testing, and how that science, when applied to the physical evidence extracted from a crime scene, helps prove or disprove the prosecution's case-in-chief. Andrea Roth, *Safety in Numbers? Deciding when DNA Alone is Enough to Convict*, 85 N.Y.U. L.Rev. 1130, 1138 (2010).

¶ 33 Bonan has proffered no expert who has applied the theories he identified to the evidence presented at his trial and who has concluded that the People's interview techniques resulted in false reports of sexual assault. For example, in *State v. Behn*, 375 N.J.Super. 409, 868 A.2d 329, 343 (App. Div. 2005), the defendant submitted an affidavit by a group of experts concluding that, in light of newly developed scientific theories, the prosecution's expert testimony was based on false assumptions and opinions concerning bullet lead analysis. The court determined that the experts' affidavit applying the new theories to the existing evidence constituted new evidence for the purposes of the defendant's motion for postconviction relief. *Id.*

¶ 34 Additionally, Bonan has not shown how these scientific theories are relevant to the determination of his innocence.[1] *See* CRE 401 (" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence ... more or less probable than it would be without the evidence."). Absent application to the testimony used to convict him, the theories addressed in the academic studies Bonan identifies are not probative of his innocence and therefore do not constitute new evidence under Crim. P. 35(c).

¶ 35 Our decision here is consistent with the decisions of other state courts that hold that academic theories discussed in research studies do not constitute newly discovered evidence for the purposes of a new trial. *Schwab v. State*, 969 So.2d 318, 325 (Fla. 2007) ("As for Schwab's argument that he is entitled to a new trial due to two recent scientific articles regarding brain anatomy and sexual offense, this Court has not recog-

---

1. Nor has Bonan shown that if these scientific theories were presented by an expert witness they would be considered reliable under CRE 702. *See People v. Shreck*, 22 P.3d 68, 70 (Colo. 2001).

nized 'new opinions' or 'new research studies' as newly discovered evidence."); *Commonwealth v. LeFave*, 430 Mass. 169, 714 N.E.2d 805, 813 (1999) ("[E]xpert testimony may not be considered newly discovered for purposes of a new trial motion simply because recent studies may lend more credibility to expert testimony that was or could have been presented at trial."); *State v. Gillispie*, Nos. 22877, 22912, 2009 WL 2197052, at *26 (Ohio Ct. App. July 24, 2009) (unpublished opinion) ("A case cannot be retried based on every 'advancement' in scientific research.").

¶ 36 In *LeFave*, the court reasoned that considering research studies as new evidence "would provide convicted defendants with a new trial whenever they could find a credible expert with new research results supporting claims that the defendant made or could have made." 714 N.E.2d at 813.

¶ 37 Bonan's case illustrates this reasoning. He contends that he waited to file his Crim. P. 35(c) motion until he could accumulate an "unassailable mass" of research studies undermining the credibility of child testimony in cases of sexual assault. However, academic research in this area continues to evolve. If such research were considered new evidence for the purposes of a Crim. P. 35(c) motion, Bonan could file a postconviction motion each time a study was published questioning the reliability of child testimony in sexual assault cases.

¶ 38 Therefore, we conclude that the trial court did not err in denying Bonan's postconviction motion as successive.

### IV. Conclusion

¶ 39 The order is affirmed.

JUDGE TERRY and JUDGE RICHMAN concur.