23CA1471 Peo v Stockwell 10-31-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1471
Weld County District Court No. 17CR2255
Honorable Marcelo A. Kopcow, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Scot Lee Stockwell,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE FREYRE
Grove and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 31, 2024

Philip J. Weiser, Attorney General, Brenna A. Brackett, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Gregory Lansky, Alternate Defense Counsel, Aurora, Colorado for Defendant-Appellant

¶ 1    Defendant, Scot Lee Stockwell, appeals the postconviction court's summary denial of his fourth request for postconviction relief under Crim. P. 35(c). Because we conclude that Stockwell's claims are both time barred and successive, we affirm.

I.    Background

¶ 2    In 2017, Stockwell was charged with unlawful sexual contact, sexual exploitation of a child, and contributing to the delinquency of a minor related to conduct involving two minor victims in Larimer County. When another minor victim came forward in Weld County, he was charged with two counts of unlawful sexual contact and two counts of sexual exploitation of a child in this case.

¶ 3    On April 30, 2018, Stockwell entered into a global plea agreement to resolve the charges in both cases. In this case (Weld County), he pleaded guilty to one count of sexual exploitation of a child, and the remaining charges were dismissed. The court accepted the agreement and sentenced Stockwell to twelve years in the custody of the Department of Corrections.

¶ 4    On October 5, 2018, Stockwell filed his first Crim. P. 35(c) motion for postconviction relief. Although Stockwell completed and

filed the required form to petition for postconviction relief, he failed to include an attachment detailing his claims. The postconviction court denied the motion as deficient but allowed Stockwell to correct it.

¶ 5    Stockwell filed a revised motion containing a short list of phrases. The postconviction court again denied the motion for failing to state adequate grounds for relief, finding that Stockwell's motion remained "devoid of specific facts and details regarding his claims."

¶ 6    Stockwell appealed the postconviction court's order, but shortly thereafter he filed a motion to dismiss the appeal that was granted.

¶ 7    On April 2, 2019, Stockwell filed a second motion for postconviction relief that included a two-page list of short phrases. The postconviction court once again denied Stockwell's motion, finding that he had not provided "any meaningful details that elaborate on the grounds set forth [in his motion]."

¶ 8    Stockwell appealed the postconviction court's denial of his motion. A division of this court affirmed. *People v. Stockwell*, (Colo.

2

App. No. 19CA1291, Mar. 24, 2022) (not published pursuant to C.A.R. 35(e)). The only claim advanced on appeal was that plea counsel had failed to properly investigate the case and to provide Stockwell with access to discovery, thereby allowing the prosecution to mistakenly use photos and information about one victim to support the charges as to a different victim. *Id.* at ¶ 10. The division deemed the motion's remaining claims abandoned. *Id.* Moreover, the division agreed with the postconviction court's conclusion that Stockwell's allegations were too bare and conclusory to support a claim for relief. *Id.* at ¶ 12.

¶ 9 On May 24, 2022, Stockwell filed his third motion for postconviction relief. He claimed there were discrepancies between two reports and again alleged a mix-up of a photograph of one victim being attributed to another. The postconviction court denied Stockwell's motion, concluding that his claim was successive because he had raised the same issues in the April 2019 motion. Stockwell did not appeal this ruling.

¶ 10 Finally, on June 26, 2023, Stockwell filed the motion for postconviction relief at issue here. Couching them as ineffective

assistance of counsel claims, he alleged that (1) a police report contained a false statement concerning the identity of the party who introduced Stockwell to one of the victims; (2) an incorrect cell phone number was listed in the search warrant affidavit, thereby rendering the search of his phone illegal; and (3) evidence withheld from him by his attorneys resulted in photos of one victim being incorrectly attributed to another victim.

¶ 11     The postconviction court also denied this motion.  It addressed and denied Stockwell's first and second contentions on the merits. It denied Stockwell's third claim as successive and also on the merits.

¶ 12     Stockwell contends that the postconviction court erred when it denied his claims.  We conclude that Stockwell's claims are time barred and successive and, therefore, affirm the postconviction court's order.

## II.     Stockwell's Claims Are Time Barred

¶ 13     We review de novo a district court's denial of a Crim. P. 35(c) motion without a hearing.  *People v. Phipps*, 2016 COA 190M, ¶ 20.

We also review de novo whether a Crim. P. 35(c) motion is time barred. *People v. Bonan*, 2014 COA 156, ¶ 16.

¶ 14 Generally, a postconviction claim challenging a non-class 1 felony conviction under Rule 35(c) must be filed within three years of the date the defendant's conviction becomes final. § 16-5-402(1), C.R.S. 2024. Any motion filed outside the limitations period must allege facts that, if true, would establish one of the exceptions to the time bar in section 16-5-402(2). Those exceptions include the following:

> (a) A case in which the court entering judgment of conviction or entering adjudication did not have jurisdiction over the subject matter of the alleged offense;
>
> (b) A case in which the court entering judgment of conviction or entering adjudication did not have jurisdiction over the person of the defendant or juvenile;
>
> (c) Where the court hearing the collateral attack finds by a preponderance of the evidence that the failure to seek relief within the applicable time period was caused by an adjudication of incompetence or by commitment of the defendant or juvenile to an institution for treatment as a person with a mental health disorder; or
>
> (d) Where the court hearing the collateral attack finds that the failure to seek relief

5

within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect.

§ 16-5-402(2).

¶ 15 Here, Stockwell incorrectly checked a box on his final motion indicating that the motion was timely filed. Stockwell pleaded guilty, his sentence was imposed, and judgment of conviction was entered on April 30, 2018. Because he did not file a direct appeal, his conviction became final that day, and the time clock for filing a postconviction motion began running. *See People v. Tennyson,* 2023 COA 2, ¶ 14 (*cert. granted* Sept. 11, 2023). Accordingly, the last day Stockwell could have filed a timely postconviction motion was April 30, 2021. But Stockwell filed his final motion in June 2023, more than two years after the deadline expired. Further, Stockwell did not allege facts that, if true, would establish one of the enumerated exceptions to the time bar limitation.

¶ 16 Accordingly, we conclude Stockwell's motion was time barred. *See* § 16-5-402(1.5) ("If an appellate court can determine on the face of the [Crim. P. 35(c)] motion, files, and record in a case that [the motion is time barred under section 16-5-402(1)], the appellate

6

court may deny relief on that basis, regardless of whether the issue of timeliness was raised in the trial court.").

### III. Stockwell's Claims Are Successive

¶ 17    A postconviction court shall summarily deny a Crim. P. 35(c) motion if the motion is successive. *See People v. Taylor*, 2018 COA 175, ¶ 17; Crim. P. 35(c)(3)(VII). With some exceptions not applicable here, a motion shall be denied as successive if its claims (1) were raised or resolved in a prior appeal of postconviction proceeding, Crim. P. 35(c)(3)(VI); or (2) could have been raised in an "appeal previously brought" or a "postconviction proceeding previously brought," Crim. P. 35(c)(3)(VII). "Unless the context indicates otherwise, the word 'shall' generally indicates that the General Assembly intended the provision to be mandatory." *People v. Durapau*, 280 P.3d 42, 46 (Colo. App. 2011) (quoting *DiMarco v. Dep't of Revenue*, 857 P.2d 1349, 1352 (Colo. App. 1993)). We conclude Stockwell's claims are successive for three reasons.

¶ 18    First, the search warrant arguments were included in the April 2019 postconviction motion, but Stockwell did not challenge the court's ruling on that basis in his appeal. Because the division

7

deemed this argument abandoned, we may not consider it. *See*

*People v. Osorio*, 170 P.3d 796, 801 (Colo. App. 2007) (claims raised

in a postconviction motion but not reasserted on appeal are deemed

abandoned). Moreover, any additional arguments concerning the

search warrant that were not raised in the April 2019

postconviction motion are successive because the arguments could

have been raised in that motion. *See* Crim. P. 35(c)(3)(VII).

¶ 19    Second, Stockwell's claims regarding photos of one victim

being mistakenly attributed to a different victim were also alleged in

the April 2019 postconviction motion (as a bullet point) and were

rejected by the division in the appeal of his April 2019 Crim. P.

35(c) motion. Therefore, this claim was previously raised and ruled

on and is successive. *See* Crim. P. 35(c)(3)(VI).

¶ 20    Third, Stockwell's claim that a victim made a false statement

to law enforcement as to who introduced Stockwell to him was

based on evidence and facts that could have been discovered before

Stockwell filed his April 2019 motion. *See* Crim. P. 35(c)(3)(VII).

Therefore, we conclude that this claim is successive.

## IV. Disposition

¶ 21    The order is affirmed.

JUDGE GROVE and JUDGE LUM concur.