23CA2217 Peo v Tolentino 02-20-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA2217
El Paso County District Court No. 17CR6967
Honorable Jill M. Brady, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jose M. Tolentino,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE FREYRE
Schock and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 20, 2025

Philip J. Weiser, Attorney General, Brenna A. Brackett, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Jose M. Tolentino, Pro Se

¶ 1　　Defendant, Jose M. Tolentino, appeals the postconviction court's denial without a hearing of his request for postconviction relief under Crim. P. 35(c).  We affirm.

## I.　　Background

¶ 2　　Tolentino lived in an apartment above the victim, an at-risk juvenile.  Tolentino engaged in sexual acts with the victim when the victim was eleven through sixteen years old.  Further investigation revealed an additional victim.

¶ 3　　Tolentino was charged with one count of sexual assault on a child, two counts of sexual assault on a child -at-risk juvenile, three counts of sexual assault on a child - pattern of abuse, four of counts of sexual assault on a child by one in a position of trust, one count of sexual assault on a child by one in a position of trust - at-risk juvenile, and one count of aggravated sex offense.

¶ 4　　Pursuant to a plea agreement, Tolentino pleaded guilty to one count of sexual assault on a child - pattern of abuse as to each victim and stipulated to a sentence of twenty-five years to life in the custody of the Department of Corrections.  In November 2018, the

district court sentenced Tolentino consistent with the plea agreement.

¶ 5     In July 2023, Tolentino filed a pro se Crim. P. 35(c) motion alleging the ineffective assistance of plea counsel and the discovery of new evidence.  Tolentino contended that plea counsel did not adequately investigate his medical history, specifically, his diabetes and diabetes-related hospitalization.  He further argued that plea counsel failed to advise him concerning the defense of involuntary intoxication caused by insulin-induced hypoglycemia, which was found to constitute involuntary intoxication in *People v. Garcia*, 113 P.3d 775, 783 (Colo. 2005).

¶ 6     The postconviction court denied Tolentino's motion.  The postconviction court first found that Tolentino's motion was time barred and not justified by excusable neglect or justifiable excuse.  Alternatively, the postconviction court found that Tolentino's claims failed on the merits.

¶ 7     On appeal, Tolentino contends that the postconviction court erred by denying his claims.  He also argues, for the first time, that

the Colorado Sex Offender Lifetime Supervision Act of 1998 is unconstitutional.

## II. Tolentino's Claims Are Time Barred

¶ 8 We review de novo a postconviction court's denial of a Crim. P. 35(c) motion without an evidentiary hearing. *People v. Nozolino*, 2023 COA 39, ¶ 7. We also review de novo whether a Crim. P. 35(c) motion is time barred. *People v. Bonan*, 2014 COA 156, ¶ 16.

¶ 9 Generally, a Crim. P. 35(c) claim challenging a non-class 1 felony conviction must be filed within three years of the date the defendant's conviction became final. § 16-5-402(1), C.R.S. 2024. Any motion filed outside the limitations period must allege facts that, if true, would establish one of the exceptions to the time bar in section 16-5-402(2). Those exceptions include the following:

> (a) A case in which the court entering judgment of conviction or entering adjudication did not have jurisdiction over the subject matter of the alleged offense;
>
> (b) A case in which the court entering judgment of conviction or entering adjudication did not have jurisdiction over the person of the defendant or juvenile;
>
> (c) Where the court hearing the collateral attack finds by a preponderance of the evidence that the failure to seek relief within

3

the applicable time period was caused by an adjudication of incompetence or by commitment of the defendant or juvenile to an institution for treatment as a person with a mental health disorder; or

(d) Where the court hearing the collateral attack finds that the failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect.

§ 16-5-402(2).

¶ 10    Tolentino pleaded guilty and was sentenced on November 13, 2018, the date judgment entered.  Because he did not directly appeal his conviction, the judgment became final that day, and the time for filing a postconviction motion began running.  *See People v. Collier*, 151 P.3d 668, 671 (Colo. App. 2006).  Accordingly, the last day Tolentino could have filed a timely postconviction motion was November 13, 2021.  But he waited until July 2023 to file his motion.  Moreover, he failed to allege facts that, if true, would establish one of the enumerated exceptions to the time bar limitation.  Accordingly, we conclude Tolentino's motion was time barred.

¶ 11    Additionally, we reject Tolentino's argument that his medical history constitutes new evidence.  By his own admission in the

4

opening brief, Tolentino's diabetes and related care were previously disclosed to the district court and to plea counsel.

### III.    Colorado Sex Offender Lifetime Supervision Act

¶ 12    Tolentino next contends that the Colorado Sex Offender Lifetime Supervision Act is unconstitutional because it violates (1) the privilege against self-incrimination by extending the length of incarceration if Tolentino refuses to disclose other potentially criminal behavior; (2) procedural and substantive due process by attaching a presumption of dangerousness and likelihood of recidivism to all convicted sex offenders; and (3) the separation of powers doctrine.  Claims that the Lifetime Supervision Act is unconstitutional have been rejected by several divisions of this court, including on each of the grounds alleged by Tolentino.  *See People v. Torrez*, 2013 COA 37, ¶ 88; *People v. Dash*, 104 P.3d 286, 290-93 (Colo. App. 2004) (Lifetime Supervision Act does not violate the procedural or substantive prongs of the Due Process Clause, the Equal Protection Clause, the Eighth Amendment's prohibition of cruel or unusual punishment, or the doctrine of separation of powers); *People v. Strean*, 74 P.3d 387, 393-95 (Colo. App. 2002)

5

(Lifetime Supervision Act does not violate the procedural or substantive prongs of the Due Process Clause, the Equal Protection Clause, or the doctrine of separation of powers). We agree with those divisions and reject Tolentino's argument.

## IV.   Disposition

¶ 13    The order is affirmed.

JUDGE SCHOCK and JUDGE SULLIVAN concur.