24CA1686 Peo v Carr 10-2-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1686
El Paso County District Court No. 19CR6978
Honorable Jill M. Brady, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Heshimo Yaphet Carr,

Defendant-Appellant.

---

ORDERS AFFIRMED

Division IV
Opinion by JUDGE SCHOCK
Harris and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 2, 2025

---

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Heshimo Yaphet Carr, Pro Se

¶ 1     Defendant, Heshimo Yaphet Carr, appeals the district court's order denying his Crim. P. 35(a) motion to correct an illegal sentence and two other orders denying similar motions.  We affirm.

## I.     Background

¶ 2     Carr was originally charged with second degree assault, menacing, possession of a weapon by a previous offender, and harassment based on allegations that he choked his wife and threatened her with a gun.  After he was released on bond, Carr was again alleged to have choked and threatened his wife (this time with a knife) and was charged with several additional counts in a separate case.  On the prosecution's motion, the cases were joined under Crim. P. 8(a)(2) and proceeded under a single case number.

¶ 3     Carr entered into a plea agreement, under which he agreed to plead guilty to two counts of second degree assault in exchange for dismissal of the remaining counts.  He stipulated to a sentence of five years in prison on each count, to be served consecutively, for a total of ten years.  The district court accepted the agreement and sentenced Carr accordingly on July 24, 2023.  The court awarded Carr 1,232 days of presentence confinement credit (PSCC).

¶ 4     In October 2023, Carr filed a motion to amend the mittimus to reflect that the PSCC should count toward both sentences. The district court denied the motion, explaining that Carr had been granted the appropriate amount of PSCC. Carr did not appeal.

¶ 5     In May 2024, Carr filed a motion to correct his sentence under Crim. P. 35(a), again arguing that he was entitled to 1,232 days of PSCC for each sentence because he had been confined for both offenses before he pleaded guilty and the charges stemmed from what were originally separate cases. He asserted that the joinder of those cases had improperly prevented him from receiving the appropriate amount of PSCC. The district court denied the motion, noting that it had previously denied similar motions and again concluding that Carr had received the correct amount of PSCC.

¶ 6     Carr filed two similar motions in September and October 2024, which the district court summarily denied as well.

## II.     Analysis

¶ 7     Carr contends that the district court erred by denying his motions to apply the PSCC to each sentence. Because his claim is time barred and would also fail on the merits, we disagree. *See*

*People v. Aarness*, 150 P.3d 1271, 1277 (Colo. 2006) (noting that an appellate court may affirm on any ground supported by the record).

¶ 8　　We review de novo the legality of a sentence and the denial of a Crim. P. 35(a) motion without a hearing. *People v. Tennyson*, 2023 COA 2, ¶ 9. We also determine de novo whether a postconviction motion is untimely. *People v. Bonan*, 2014 COA 156, ¶ 16.

¶ 9　　A challenge to the district court's calculation of PSCC is a Crim. P. 35(a) claim that the sentence was imposed "in an illegal manner." *People v. Baker*, 2019 CO 97M, ¶ 20 (quoting Crim. P. 35(a)). Such claims must be brought, as relevant here, within 126 days after the sentence is imposed. *See* Crim. P. 35(a), (b); *Baker*, ¶ 20. Because Carr filed the motions at issue in this appeal months after that deadline, those motions were untimely.[1] *See Baker*, ¶ 20.

¶ 10　　Moreover, while C.R.C.P. 36 permits a court to correct a PSCC error resulting from a "[c]lerical mistake" or "oversight" at any time, *id.* at ¶ 21 (quoting C.R.C.P. 36), no such error occurred in this case. As the district court made clear, its award of a *total* of 1,232

---

[1] Carr filed his first motion to amend the mittimus within 126 days of sentencing. The district court denied that motion, and Carr did not appeal. That order is therefore not at issue in this appeal.

days of PSCC was not a mistake. Rather, because Carr's sentences are consecutive, "crediting the period of presentence confinement against one of the sentences will assure [him] full credit against the total term of imprisonment." *People v. Johnson*, 797 P.2d 1296, 1298 (Colo. 1990). For the same reason, even if Carr's motions were not untimely, the district court appropriately denied them.

¶ 11 Although Carr's motions primarily centered on his requests for additional PSCC, he also asserted that the permissive joinder of his two cases resulted in prejudice and violated due process, equal protection, and the prohibition on cruel and unusual punishment. But Carr pleaded guilty *after* the joinder. In doing so, he waived any claims of error that arose before the plea. *See Neuhaus v. People*, 2012 CO 65, ¶ 8 ("Generally, a guilty plea precludes review of issues that arose prior to the plea."); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (reaffirming that defendant may not raise independent claims relating to deprivation of constitutional rights that occurred before entry of guilty plea).

¶ 12 Finally, we reject Carr's assertion that the district court's failure to apply PSCC to each sentence violates the prohibition on double jeopardy. Carr has not cited any authority, and we are

4

aware of none, that would suggest that the application of PSCC to only one of multiple consecutive sentences implicates — much less violates — principles of double jeopardy. To the contrary, doing so credits Carr for the full period of his presentence confinement against his total term of imprisonment, thus ensuring that he does not serve "multiple punishments for the same offense." *Woellhaf v. People,* 105 P.3d 209, 214 (Colo. 2005) (citation omitted).

¶ 13    Thus, Carr's claim is time barred and, even if it were not, it would fail on the merits because Carr received all the PSCC to which he is entitled. The district court therefore did not err by denying Carr's motions without a hearing.

### III.    Disposition

¶ 14    The orders are affirmed.

JUDGE HARRIS and JUDGE JOHNSON concur.