24CA1281 Peo v Eaves 10-09-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1281
El Paso County District Court No. 15CR1188
Honorable Samuel A. Evig, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Rodney Eaves,

Defendant-Appellant.

ORDER AFFIRMED

Division III
Opinion by JUDGE LIPINSKY
Dunn and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 9, 2025

Philip J. Weiser, Attorney General, Brian M. Lanni, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Rodney Eaves, Pro Se

¶ 1 Rodney Eaves appeals the postconviction court's order denying his 2023 Crim. P. 35(c) motion. We affirm.

## I. Background

¶ 2 Following a trial at which Eaves elected to represent himself, a jury convicted him of aggravated robbery, theft, felony menacing, and possession of a weapon by a previous offender (POWPO). The trial court imposed a controlling sentence of thirty years in the custody of the Department of Corrections, and a division of this court affirmed the judgment of conviction. *People v. Eaves*, (Colo. App. No. 16CA1557, Aug. 2, 2018) (not published pursuant to C.A.R. 35(e)) (*Eaves I*).

¶ 3 In 2020, Eaves filed a postconviction motion (the 2020 motion) in which he asserted two claims. He said in the 2020 motion that he was seeking relief under Crim. P. 35(a).

¶ 4 A division of this court affirmed the postconviction court's order denying the 2020 motion, concluding that, notwithstanding Eaves's reference to Crim. P. 35(a), the relief Eaves sought fell "squarely under Crim. P. 35(c)." *People v. Eaves*, slip op. at ¶¶ 5-6, 11 (Colo. App. No. 21CA0563, June 2, 2022) (not published pursuant to C.A.R. 35(e)) (*Eaves II*). Thus, the division concluded

1

that the single claim Eaves reasserted on appeal (concerning the constitutionality of his POWPO conviction and sentence) was successive because he could have raised it in his direct appeal. *Id.* at ¶ 13.

¶ 5 Eaves then filed a Crim. P. 35(a) motion in which he challenged the trial court's restitution order. The postconviction court denied that motion, and a division of this court affirmed. *People v. Eaves*, (Colo. App. No. 22CA1361, Nov. 9, 2023) (not published pursuant to C.A.R. 35(e)) (*Eaves III*).

¶ 6 In March 2023, Eaves filed a Crim. P. 35(c) motion (the 2023 motion) in which he asserted numerous claims for relief. He argued myriad ways that he allegedly received ineffective assistance of counsel before he decided to represent himself at trial (claim 1).

¶ 7 In addition, he asserted claims of trial error in the 2023 motion. In particular, he contended that the prosecution presented insufficient evidence and committed misconduct (claims 13-15 and claim 22) and that the affidavit supporting the arrest warrant was faulty because police officers illegally obtained evidence from his Facebook account (claim 17). Further, he argued that the trial court erred by:

- failing to advise him at sentencing of his right to counsel on direct appeal (claim 2);

- failing to conduct a proportionality review of his sentence and imposing a sentence based on "vengeance" rather than on "justice" (claim 4);

- denying his motions to hire expert witnesses (claim 5);

- failing to address his bond reduction motion (claim 6);

- disregarding his request for a competency evaluation (claim 7);

- failing to suppress recordings of inculpatory phone calls he made from jail (claim 8);

- forcing him to choose between proceeding to trial without advisory counsel or waiving his speedy trial right (claim 9);

- denying his motion for a new trial (claim 10);

- denying his motions to dismiss for lack of subject matter jurisdiction and proceeding to trial without a probable cause affidavit or a preliminary hearing (claim 11);

- denying or failing to address several pretrial motions (claim 12);

- failing to hold a "*Franks* hearing" to address allegedly false statements in the search warrant and probable cause affidavits (claim 16);

- denying his motion for a mistrial (claim 18);

- rejecting his theory of the case instruction (claim 19);

- failing to give a "missing witness instruction" (claim 20);

- violating his right to a public trial by improperly closing the courtroom during jury selection (claim 21); and

- entering judgment of conviction for POWPO in violation of his constitutional rights (claim 23).

¶ 8 Lastly, Eaves asserted that the *Eaves I* division made two errors in his direct appeal (claims 2 and 3).

¶ 9 The postconviction court took no action on the 2023 motion because Eaves's appeal in *Eaves III* was still pending. Nearly a year after Eaves filed the 2023 motion, but before the postconviction court ruled on it, Eaves filed what he characterized as an amendment to the 2023 motion. He conceded that the amendment was time barred but presented several reasons why the time bar

4

should not apply. The amendment did not address any other procedural bar but added another substantive claim — that Eaves was denied certain constitutional rights at his restitution hearing (claim 24).

¶ 10 After the *Eaves III* mandate issued, the postconviction court denied the 2023 motion, concluding that it was successive and time barred.

## II. Standard of Review

¶ 11 We review de novo a postconviction court's decision to deny a Crim. P. 35(c) motion without an evidentiary hearing. *People v. Cali*, 2020 CO 20, ¶ 14, 459 P.3d 516, 519. We also review de novo whether a Crim. P. 35(c) motion is time barred or successive. *People v. Bonan*, 2014 COA 156, ¶ 16, 357 P.3d 231, 234; *People v. Thompson*, 2020 COA 117, ¶ 42, 485 P.3d 566, 573.

## III. Claims Not Cognizable Under Crim. P. 35(c)

¶ 12 In claims 2 and 3 of the 2023 motion, Eaves asserted that the *Eaves I* division erred in two ways. He argued that the division (1) failed to advise him that he had a right to request appellate counsel and (2) improperly denied his request to file an oversized brief. These are not proper grounds for a collateral attack under

Crim. P. 35(c).  *See* Crim. P. 35(c)(2)(I)-(VII).  Rather, allegations that a division of this court erred must be raised in a petition for rehearing or a petition for certiorari.  *See* C.A.R. 40; C.A.R. 52.

### IV.    Eaves's Remaining Claims Are Successive

¶ 13    As an initial matter, we agree with Eaves that the 2023 motion was, "[o]n its face," time barred.  We need not reach whether an exception to timeliness applies, however, because we also conclude that the 2023 motion was successive.

¶ 14    Crim. P. 35(c) proceedings "provide defendants with an opportunity to argue that constitutional errors associated with their trials, guilty pleas, or sentences should result in convictions or sentences being set aside" and "to bring finality to judgments." *People v. Valdez*, 178 P.3d 1269, 1279 (Colo. App. 2007).  To that end, a postconviction court is required to deny as successive any Crim. P. 35(c) claim that was raised and resolved, or could have been presented, in a prior appeal or postconviction proceeding. Crim. P. 35(c)(3)(VI)-(VII).  The language of these rules is mandatory; thus, a postconviction court "shall" deny any such claims.  *Id.*; *see Willhite v. Rodriguez-Cera*, 2012 CO 29, ¶ 17, 274 P.3d 1233, 1238 ("The word 'shall' connotes a mandatory requirement.").  For this

6

reason, Crim. P. 35(c) claims cannot be raised more than once, and they are also successive if not raised at the first opportunity.

¶ 15    Eaves could have raised all his claims of trial error (part of claim 2 and all of claims 4-23) in his direct appeal.  Thus, the postconviction court appropriately denied those claims as successive.

¶ 16    Only two of the claims in the 2023 motion — claims 1 and 24 — were not successive to Eaves's direct appeal.  This is so because in claim 1 Eaves asserted ineffective assistance of counsel, which is not properly raised on direct appeal.  *People v. Vondra*, 240 P.3d 493, 495 (Colo. App. 2010); Crim. P. 35(c)(3)(VIII).  And in claim 24, Eaves asserted a constitutional challenge to restitution, which the trial court had not yet imposed at the time of Eaves's direct appeal.  However, these claims are successive to the 2020 motion, the substance of which "[fell] squarely under Crim. P. 35(c)."  *Eaves II*, slip op. at ¶ 11.

¶ 17    Eaves argues for the first time on appeal that none of his claims are successive to the 2020 motion because he claimed in that motion he was seeking relief under Crim. P. 35(a) and the postconviction court failed to return it to him for compliance with

Form 4 (which is used for Crim. P. 35(c) motions). Eaves cites Crim. P. 35(c)(3)(VII)(a) and (e) in support of his argument that the "conversion" of the 2020 motion into a Crim. P. 35(c) motion occurred after he filed the motion and "made raising any of the claims in the current 35(c) motion impracticable."

¶ 18    We note that Eaves did not argue in the 2023 motion or in the amendment to such motion that any of his claims fell within the exceptions enumerated in Crim. P. 35(c)(3)(VII)(a) and (e). We need not consider this argument because Eaves raises it for the first time on appeal. *See DePineda v. Price*, 915 P.2d 1278, 1280 (Colo. 1996) ("Issues not raised before the district court in a motion for postconviction relief will not be considered on appeal of the denial of that motion."); *People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996) ("Allegations not raised in a Crim. P. 35(c) motion . . . and thus not ruled on by the trial court are not properly before this court for review."); *see also People v. Rodriguez*, 914 P.2d 230, 251 (Colo. 1996) (rejecting attempts to use appellate briefing to "fortify" issues "inadequately raised or supported by [a postconviction] motion").

¶ 19    In any event, we agree with the People that the nature of Eaves's claims, and not the *Eaves II* opinion, made the 2020 motion a Crim. P. 35(c) motion.  *See People v. Collier*, 151 P.3d 668, 670 (Colo. App. 2006) ("The substance of a postconviction motion controls whether it is designated as a Crim. P. 35(a) or 35(c) motion.").  Eaves's assertion of these claims was neither an event that occurred after Eaves initiated the 2020 postconviction proceeding, Crim. P. 35(c)(3)(VII)(a), nor an objective factor, external to the defense and not attributable to the defendant, Crim. P. 35(c)(3)(VII)(e).  Likewise, we agree with the People that, from a policy perspective, the mandatory successiveness bars would be rendered meaningless if a defendant could avoid them merely by claiming that a postconviction motion sought relief under a rule other than a Crim. P. 35(c).  *See Home Improvement, Inc. v. Villar*, 2022 COA 129, ¶ 12, 524 P.3d 329, 332 (concluding that, in construing procedural rules, we avoid interpreting them in a way that will "render any words or phrases superfluous or lead to illogical or absurd results") (citation omitted).

¶ 20     Accordingly, we agree with the postconviction court's determination that the claims Eaves asserted in the 2023 motion were successive and were therefore procedurally barred.

## V.     Disposition

¶ 21     The order is affirmed.

JUDGE DUNN and JUDGE KUHN concur.