24CA2000 Peo v Sisneros 11-06-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA2000
Jefferson County District Court No. 10CR701
Honorable Russel Klein, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jerome Sisneros,

Defendant-Appellant.

ORDER AFFIRMED

Division VI
Opinion by JUDGE BERNARD*
Welling and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 6, 2025

Philip J. Weiser, Attorney General, Majid Yazdi, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Jerome Sisneros, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1 Defendant, Jerome Sisneros, appeals the postconviction court's order denying his most recent Crim. P. 35(c) motion. We affirm.

## I. Background

¶ 2 In January 2012, a jury convicted defendant of three counts of aggravated robbery, one count of robbery of an at-risk individual, and three counts of second degree kidnapping based on his role in a bank robbery. The court adjudicated him to be a habitual offender and sentenced him to ninety-six years in prison.

¶ 3 On direct appeal, counsel, S.J, represented him. A division of this court affirmed the convictions. *People v. Sisneros*, (Colo. App. No. 12CA0658, Nov. 19, 2015)(not published pursuant to C.A.R. 35(f))(*Sisneros I*).

### A. 2016 Crim. P. 35(c) Motion

¶ 4 In August 2016, defendant, acting pro se, filed his first Crim. P. 35(c) petition. In it, he asserted (1) he was entitled to a new trial due to a new rule of law concerning jury instructions involving the concept of complicity; (2) his trial counsel had been ineffective; (3) his direct appeal counsel had been ineffective; and (4) his

sentence was grossly disproportionate under the Eighth Amendment.

¶ 5       The court presiding over that motion appointed counsel, B.J., who filed a supplemental Crim. P. 35(c) motion expanding on the claims defendant had raised in his pro se motion.  The court denied all defendant's requests for relief, and it decided his sentence "was and remains proportional."

¶ 6       Defendant appealed.  A division of this court affirmed the order.  *People v. Sisneros*, (Colo. App. No. 17CA2032, May 9, 2019)(not published pursuant to C.A.R. 35(e))(*Sisneros II*).

B.       2020 Crim. P. 35(a) and (b) Motion

¶ 7       In January 2020, defendant filed a pro se motion for reconsideration of his sentence under Crim. P. 35(a) and (b).  He asked for an extended proportionality review, specifically asserting he was "not re-litigating a 'Crim. P. 35(c)' petition."

¶ 8       The court appointed counsel, who filed a motion for reconsideration of defendant's sentence and a renewed motion for a proportionality review.  The court denied this motion because (1) it was untimely under Crim. P. 35(b); (2) it was not cognizable under Crim. P. 35(a); (3) the request for a proportionality review was

successive; and (4) even if the request was not successive, defendant's sentence was not disproportionately harsh.

¶ 9     Defendant appealed.  A division of this court affirmed the court's order.  *People v. Sisneros,* (Colo. App. No. 21CA0013, Dec. 15, 2022)(not published pursuant to C.A.R. 35(e))(*Sisneros III*).

### C.    Current Crim. P. 35(c) Motion

¶ 10    In June and July 2024, defendant filed his second pro se Crim. P. 35(c) motion and two supplements.  He asserted he was entitled to postconviction relief because (1) postconviction appeal counsel, B.J., had been ineffective because Junge had not presented the substance of defendant's proportionality claim to the division in *Sisneros II*; (2) direct appeal counsel, S.J., had been ineffective because Jeffery had not challenged the trial court's refusal to give a unanimity instruction in *Sisneros I*; and (3) there was newly discovered evidence concerning analyst Yvonne "Missy" Woods of the Colorado Bureau of Investigation allegedly tampering with evidence in other cases.

¶ 11    In a thorough written order, the postconviction court denied defendant's Crim. P. 35(c) motion.  The court reasoned he was not entitled to relief on his two claims for ineffective assistance of

3

counsel because they were untimely and because he did not demonstrate justifiable excuse or excusable neglect for filing them past the statutory deadline. The court denied relief on his request for a new trial based on newly discovered evidence because it decided he had not shown that Ms. Woods had been involved in his case in any way.

## II. General Legal Principles

¶ 12 We review de novo a court's decision to deny a Crim. P. 35(c) motion without a hearing. *People v. Nozolino*, 2023 COA 39, ¶ 7.

¶ 13 Under Crim. P. 35(c)(2)(II), a defendant may seek postconviction relief based on a claim that his conviction or sentence was imposed in violation of the Constitution or laws of the United States or the laws of the State of Colorado. Crim. P. 35(c) is not intended, however, to provide perpetual review. *People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996).

## III. Defendant's Ineffective Assistance of Counsel Claims Are Untimely

¶ 14 We conclude, for the following reasons, that the record supports the postconviction court's determination that defendant's second Crim. P. 35(c) motion was untimely.

4

¶ 15    First, under section 16-5-402(1) C.R.S. 2025, a defendant must file a Crim. P. 35(c) motion challenging a felony conviction, except for a class 1 felony conviction, within three years after the conviction becomes final.

¶ 16    For the claim that S.J. was ineffective in representing defendant during the direct appeal, the court issued the mandate in *Sisneros I* in June 2016.  For the claim that B.J. was ineffective in representing defendant during his first Crim. P. 35(c) motion, the court issued the mandate in *Sisneros II* in November 2019.  *See People v. Clouse*, 74 P.3d 336, 339 (Colo. App. 2002)("[T]he [section] 16-5-402(1) limitation period is not tolled during the litigation of a [prior] postconviction relief motion.").  Yet defendant did not file his second Crim. P. 35(c) motion raising claims of Junge's and Jeffery's ineffectiveness until 2024.

¶ 17    Second, the record supports the postconviction court's decision that defendant did not demonstrate justifiable excuse or excusable neglect for the untimely filing of his second Crim. P. 35(c) motion.

¶ 18    There is an exception to the three-year time limit "[w]here the court hearing the collateral attack finds that the failure to seek

relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect." § 16-5-402(2)(d). When deciding whether a defendant has shown justifiable excuse or excusable neglect, "the trial court must consider the particular facts of a case, so as to give effect to the overriding concern that defendants have a meaningful opportunity to challenge their convictions as required by due process." *Close v. People*, 180 P.3d 1015, 1019 (Colo. 2008).

¶ 19     In addressing the particular facts in this case, the postconviction court examined the factors listed in *People v. Wiedemer*, 852 P.2d 424, 441 (Colo. 1993), concerning justifiable excuse and excusable neglect. For example, the postconviction court decided

- nothing prevented defendant from filing his second Crim. P. 35(c) motion within the statutory limit;
- he had known about the proportionality issue since *Sisneros I* had been decided, and he raised it repeatedly;
- he understood how to file requests for review;
- he was aware of the need to challenge his convictions;

- he expressly stated in his 2020 Crim. P. 35(a) and (b) motion, which led to *Sisneros III*, that he was "not re-litigating a 'Crim. P. 35(c)' petition"; and

- he had been "an active advocate on his own behalf, availing himself of every single remedy available to him."

*See People v. Xiong*, 940 P.2d 1119, 1120 (Colo. App. 1997)(a court may deny an untimely postconviction motion if a defendant does not allege facts that, if true, would establish justifiable excuse or excusable neglect).

## IV.    Newly Discovered Evidence

¶ 20    We conclude the record supports the postconviction court's decision to deny defendant's request for relief based on newly discovered evidence.

¶ 21    Under Crim. P. 35(c)(2)(V), a defendant may seek postconviction relief based on newly discovered evidence. *People v. Thompson*, 2020 COA 117, ¶ 33. Among other things, Rule 35(c) requires defendants seeking a new trial in such circumstances to show (1) the newly discovered evidence is material to the issues involved and not merely cumulative or impeaching; and (2) on retrial, the newly discovered evidence would probably produce an

7

acquittal. *People v. Bonan,* 2014 COA 156, ¶ 27. But that section "does not address or authorize the discovery of such evidence." *Thompson,* ¶ 33 ("Crim. P. 35(c) is not a discovery mechanism to find new evidence, but, rather, prescribes a procedure to present such evidence when it has been obtained through other sources.")

¶ 22 Based on our review of the record, defendant did not provide *any* evidence that Ms. Woods was involved in his case. In fact, he concedes "there is no proof either way." Rather, he wanted the postconviction court to help him discover evidence of whether she was involved, which was outside the court's authority in a Crim. P. 35(c) proceeding. *See id.* Accordingly, we conclude the postconviction court properly denied defendant's newly discovered evidence claim. *See Dunlap v. People,* 173 P.3d 1054, 1061 (Colo. 2007)(Because "we presume the validity of [convictions,] the defendant bears the burden of proving [he is entitled to relief] by a preponderance of the evidence.").

¶ 23 The order is affirmed.

JUDGE WELLING and JUDGE SULLIVAN concur.