24CA0759 Peo v Brooks 11-06-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0759
El Paso County District Court No. 09CR2378
Honorable Jill M. Brady, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Bill Joe Brooks,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE FREYRE
Pawar and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 6, 2025

Philip J. Weiser, Attorney General, Lisa K. Michaels, Senior Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Bill Joe Brooks, Pro Se

¶ 1    Bill Joe Brooks appeals the order denying his March 2024 Crim. P. 35(c) motion without a hearing.  We affirm.

## I.    Background

¶ 2    A jury convicted Brooks of three counts of sexual assault and one count each of criminal trespass and third degree assault.  The convictions were based on evidence that Brooks entered a neighbor's apartment and sexually assaulted her.  *People v. Brooks*, (Colo. App. No. 10CA1281, Oct. 20, 2014) (not published pursuant to C.A.R. 35(f)).  A division of this court affirmed the judgment of conviction, and the mandate in the direct appeal was issued in 2015.  *Id.*

¶ 3    Brooks then filed a timely, pro se Crim. P. 35(c) motion asserting several claims of ineffective assistance of trial counsel.  The postconviction court denied the motion without a hearing, and, in 2019, a division of this court affirmed the order denying relief.  *People v. Brooks*, (Colo. App. No. 16CA2197, Apr. 18, 2019) (not published pursuant to C.A.R. 35(e)).

¶ 4    In March 2024, Brooks filed another pro se Crim. P. 35(c) motion, the denial of which is at issue in this appeal.  As we understand it, the motion asserted claims of trial error — including

1

a challenge to the sufficiency of the evidence — and ineffective assistance of trial and direct appeal counsel related to Brooks's mental health and competency to stand trial.

¶ 5    Brooks recognized that his claims were untimely, but he asserted that his failure to seek relief within the applicable time limits was the result of circumstances amounting to justifiable excuse or excusable neglect.  In particular, he alleged that:

- He "suffered from a mental illness," which "re[n]der[ed] h[im] incompetent (not continuously but consistently) for periods of time bet[w]een the time of sentencing and the filing of [his] f[ir]st 35(c)."  "[T]his lost time," he asserted, "put [him] at a substantial disadvantage" because he was "force[d] to rush the filing of his [first Crim. P. 35(c)] motion" and he was thus left with "little to no time to r[a]ise all the needed claims."

- "Once [his first] Crim. P. 35(c) motion was filed," he "f[e]ll under duress and remain[ed] constrain[ed] by fear" of threats and intimidation in prison.  This fear of imminent "mob violence" forced him to follow through with his first Rule 35(c) motion, thereby "obstructing him from filing a second 35(c)."  This was because he was afraid of "what other inmates would

[do] to him for wasting the jail house lawyer[']s time" if he "abandon[ed] his first 35(c) to file[] a second."

- He would have filed the 2024 motion "sooner," but did not because (1) even when "he felt he was doing ok," he was "mentally stuck"; (2) he "squandered a con[s]iderable amount of time" on other unnecessary or meritless filings, which caused him to "spiral[]" out mentally; and (3) he "ended up in the infirmary due to a life-threatening hunger strike," which he undertook to "prove his innocence."

¶ 6    For similar reasons, Brooks also asserted that his 2024 motion should not be denied as successive.

¶ 7    The postconviction court denied the motion without a hearing, concluding that it was both untimely and successive.

## II.    Standard of Review

¶ 8    We review de novo a district court's decision to deny a Crim. P. 35(c) motion without a hearing. *People v. Cali*, 2020 CO 20, ¶ 14. We also review de novo whether a Crim. P. 35(c) claim is time barred or successive. *People v. Bonan*, 2014 COA 156, ¶ 16; *People v. Thompson*, 2020 COA 117, ¶ 42.

### III. The 2024 Motion Was Time Barred

¶ 9 As an initial matter, we agree with the district court's conclusion that the 2024 motion was successive. We need not reach whether an exception to successiveness applies, however, because we also agree that the motion was untimely, and that Brooks failed to adequately assert circumstances amounting to justifiable excuse or excusable neglect.

¶ 10 As noted, Brooks conceded that his 2024 motion was untimely because it was not filed within the limitations periods applicable to collateral attacks on the offenses of which he was convicted (four of which were non-class 1 felonies, and one of which was a misdemeanor). *See* § 16-5-402(1), C.R.S. 2025 (setting forth a three-year time limitation for collateral attacks on non-class 1 felonies and an eighteen-month limitation for collateral attacks on misdemeanors).

¶ 11 When a defendant files an untimely Crim. P. 35(c) motion, the motion must allege "facts that, if true, would establish justifiable excuse or excusable neglect for a belated filing." *People v. Clouse*, 74 P.3d 336, 340 (Colo. App. 2002). Courts, in turn, "consider the

4

circumstances existing throughout the entire period" of delay. *People v. Wiedemer*, 852 P.2d 424, 441 (Colo. 1993).

¶ 12    Here, Brooks asserted that some circumstances — mental health concerns and fears of violence — prevented him from filing his second Crim. P. 35(c) motion until the conclusion of his first Crim. P. 35(c) proceedings in 2019.  Even if we assume, for the sake of argument, that those circumstances excused his delay until that point, his remaining assertions of being "mentally stuck," "squander[ing]" time, and participating in a hunger strike are in the nature of carelessness rather than justifiable excuse or excusable neglect.  *See People v. Baker*, 104 P.3d 893, 896 (Colo. 2005) (To establish excusable neglect, the circumstances must show that "there has been a failure to take proper steps at the proper time, not in consequence of carelessness, but as the result of some unavoidable hindrance or accident." (citation omitted)); *see also People v. Vigil*, 955 P.2d 589 (Colo. App. 1997) (a defendant's indigence, ignorance of the law, or lack of legal counsel do not amount to justifiable excuse or excusable neglect for an untimely filed collateral attack).

¶ 13    Thus, we perceive no error in the district court's conclusion that Brooks's 2024 motion was untimely.  And to the extent Brooks asserts new claims on appeal in support of his allegations of justifiable excuse or excusable neglect, we decline to address them. *See People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996) ("Allegations not raised in a Crim. P. 35(c) motion . . . and thus not ruled on by the trial court are not properly before this court for review."); *see also People v. Rodriguez*, 914 P.2d 230, 251 (Colo. 1996) (rejecting a defendant's "attempts to use his brief on . . . appeal to fortify a number of issues inadequately raised or supported by his [postconviction] motion").

## IV.    Disposition

¶ 14    The order is affirmed.

JUDGE PAWAR and JUDGE YUN concur.